Jesse L. BARBER, Appellant,

v.

The STATE of Texas, Appellee.

No. 59767.

Court of Criminal Appeals of Texas,
Panel No. 3.

Jan. 21, 1981.

Rehearing Denied Feb. 18, 1981.

Stanley E. Burch, San Antonio, for appellant.

Bill M. White, Dist. Atty., Bill Blagg, Elizabeth H. Taylor and H. Wayne Campbell, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

McCORMICK, Judge.

This is an appeal from a conviction of theft over $200. Punishment, enhanced by a prior conviction, was assessed at twenty years' imprisonment.

Appellant's principle contention deals with the legality of the warrantless search which produced the contraband. On the morning of June 8, 1977, appellant, Charles A. Haywood, and John Barnes drove to Morton Hargis Garage in San Antonio. Once there, appellant and his companions opened the car trunk to display some items to the employees. Gary Bohnert, a mechan-

ic at an automobile dealership across the street from the garage, observed the transaction. Suspecting the items to be stolen tools, Bohnert called the police and reported what he had seen. Before the police arrived, appellant and his companions drove around the corner to Deluxe Paint and Body Shop.

San Antonio police officers John Hoenow and Van Adams answered the "suspicious car" complaint. After being directed to the Deluxe Paint and Body Shop by Bohnert, Officer Hoenow observed appellant and his companions leave the car and approach the body shop. Appellant, seeing Hoenow following them, walked back out of the body shop. Haywood and Barnes continued toward one of the shop's doors. Hoenow ordered the men to stop and questioned them as to their activities. Appellant replied that they were seeking an estimate on car repairs.

Appellant attempted to walk away several times, but Hoenow detained him and requested identification. A license check revealed appellant had an outstanding arrest warrant for a traffic violation. Appellant was placed under arrest. Hoenow then requested to search the trunk. Barnes replied that he owned the car, that the trunk key was lost, and that only a spare tire was in the trunk. The suspects denied attempting to sell anything out of the trunk.

Hoenow was informed by the body shop owner that one of the shop employees had seen the suspects tape a key under the car butler. Hoenow received consent to search the front of the car and retrieved the key. Without explicit consent to search the trunk, Officer Adams opened the trunk and discovered several power tools and a "T-top kit." On cross-examination, Officer Hoenow indicated that the three suspects did not want him to look in the trunk. The suspects were arrested and informed of their rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Appellant, pro se, moved to suppress the evidence on the ground that the warrantless search was not based upon adequate probable cause. The trial court overruled the motion. We agree that the officers lacked probable cause to conduct the warrantless search.

▆ The standard for probable cause in a warrantless search is no less stringent than that required to be shown a magistrate for the issuance of a search warrant. *Warden v. Hayden*, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); *Moulden v. State*, 576 S.W.2d 817 (Tex.Cr.App.1978). This standard has been found to exist where the facts and circumstances within the knowledge of the officer on the scene and of which he has reasonably trustworthy information would lead a man of reasonable caution and prudence to believe that he will find the instrumentality of a crime or evidence pertaining to a crime. *Davis v. State*, 576 S.W.2d 378 (Tex.Cr.App.1978); *Smith v. State*, 542 S.W.2d 420 (Tex.Cr.App. 1976). However, the mere inarticulate hunch, suspicion or good faith of the officer is insufficient to constitute probable cause. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Smith v. State*, supra.

▆ The circumstances arousing the officers' suspicion are: the complaint of "suspicious" activity by Bohnert; the attempts by appellant to walk away from Hoenow; the outstanding traffic warrant on appellant; the claimed lost key; and, the recovery of the key from the car butler.

However, the circumstances did not amount to adequate probable cause for the warrantless search of the automobile. Bohnert testified that his report was based purely on suspicion. Appellant and his companions conducted their affairs in open daylight and legitimately explained their presence at the body shop. There were no furtive gestures, resistance or avoidance of the officers. Indeed, the suspects cooperated with the officers, showing them identification which led to appellant's arrest. Haywood also allowed them to search the front of the vehicle. Although suspicious, the fabricated "lost key" story does not give rise to adequate cause for the warrantless search.

It appears to be well settled in this State that in order for a warrantless arrest or search to be justified, the State must show the existence of probable cause at the time the search or arrest is made and the existence of circumstances which made the procuring of a warrant impracticable. *Hooper v. State*, 516 S.W.2d 941 (Tex.Cr.App.1975). At the time of the search here in question, the officers had no knowledge, much less even a strong suspicion, that any offense had been or was being committed.

Neither would the facts give rise to a right to search incident to the lawful arrest of appellant, *see Thomas v. State*, 572 S.W.2d 507 (Tex.Cr.App.1976). The question of consent is also not raised by the facts. Consent, although given, was limited in scope to the front of the vehicle and no positive and unequivocal consent to search the trunk was given. *Kolb v. State*, 532 S.W.2d 87 (Tex.Cr.App.1976); *see Green v. State*, 594 S.W.2d 72 (Tex.Cr.App.1980). In fact, the testimony of the officers clearly shows the absence of consent to search the trunk.

Likewise, the exigency normally attached to automobile searches is not present in this case. As stated in *Brown v. State*, 481 S.W.2d 106, 109 (Tex.Cr.App.1972):

"... Where probable cause is lacking, the challenged search will not be upheld merely because the exigencies of the situation precluded the obtaining of a warrant."

See also, *Moulden v. State*, supra.

It cannot be said that the error here was harmless beyond a reasonable doubt. The State's case rested almost entirely on the fruits of the unlawful search. The suspects' subsequent confessions must also be considered "fruits" of the search. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Smith v. State*, supra. Appellant's motion to suppress should have been granted.

The judgment is reversed and remanded.