JjPLOTKIN, Judge.

STATEMENT OF THE CASE:

Wayne P. Randall was charged by bill of information on February 15, 1996, with possession of cocaine, a violation of La. R.S. 40:967(C). After failing to appear for arraignment, the defendant was arrested on January 12, 1997, subsequently pleading not guilty. The trial court found probable cause and denied defendant’s motion to suppress the evidence on February 28, 1997. That same day, the defendant withdrew his earlier plea and entered a plea under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to review the motion to suppress the evidence. The State filed a multiple bill, and on April 16, 1997, Randall pled guilty to the multiple bill. The trial court found Randall to be a second felony offender and sentenced *591 him under La. R.S. 15:529.1 to serve thirty months at hard labor in the Department of Corrections with credit for any time served in connection with this case and to enter the boot camp program during his incarceration.

FACTS:

IgAt the hearing on the motion to suppress the evidence, Officer Barry Marquez testified that he and Officer John Thomas were on patrol on December 14,1995, at approximately 11:20 p.m. in the St. Bernard Housing Development when they noticed a white Oldsmobile without a brake tag being driven toward them. The officers made a U-turn and observed that the vehicle had a 1994 permanent Louisiana automobile license plate on it. The Oldsmobile stopped and the defendant, who was the driver, got out of the car. When Officer Marquez asked if he had a valid break tag, he said that the vehicle did not belong to him but to a member of his family. Officer Thomas asked to see Randall’s driver’s license, but Randall did not have it with him; the officer then determined through the police computer service that Randall’s license had expired, and he arrested the defendant.
As he was being handcuffed, the defendant tried to put his right hand into his pocket. The officer grabbed the defendant’s hand and noticed that his fist was clenched. When Randall opened his hand, the officer saw a plastic bag containing green vegetable matter and two white rock-like substances.

DISCUSSION:

The defense now argues that the trial court erred in denying the motion to suppress the evidence because the contraband was discovered only after the officers tried to arrest the defendant, and they had no right to arrest or handcuff him. The defense relies upon La.C.Cr.P. art. 211.4 and La. R.S. 32:411.1 C(l). La.C.Cr.P. art 211.4, driving without possession of a driver’s license; summons by peace officer instead of arrest, provides in pertinent part:
A. When a peace officer has reasonable grounds to believe a person has committed an offense of driving without a valid driver’s license in his possession, the police officer shall make every practical attempt based on identifying information provided by the person to eonfirmjjthat the person has been issued a valid driver’s license. If the police officer determines that the person has been issued a valid driver’s license which is neither under revocation, suspension, or cancellation, but that the license is not in his possession, the peace officer shall issue a written summons to the offender in accordance with law, commanding him to appear and answer the charge.
La. R.S. 32:411.1 C(l), licensee to have license in immediate possession, provides:
C. (1) When an officer ... has reasonable grounds to believe a person has committed an offense of driving without a valid driver’s license in his possession, the police officer shall make every practical attempt based on identifying information provided by the person to confirm that the person has been issued a valid driver’s license. If the police officer determines that the person has been issued a valid driver’s license which is neither under revocation, suspension, or cancellation, but that the license is not in his possession, the peace officer shall issue a written summons to the offender in accordance with the law, commanding him to appear and answer the charge.
The defense notes that both articles provide that a driver’s license must be revoked, suspended or cancelled before its absence empowers an officer with the right to arrest the driver. In this case the driver’s license had expired, and the article does not list expiration as a reason for arresting the driver.
The State answers by focusing on the phrase “valid driver’s license” as the basic requirement in each article. The defendant did not have a driver’s license in his possession when he was stopped. When the officer attempted to ascertain if the defendant had a valid driver’s license, he learned that the defendant’s driver’s license had expired and was, the State insists, therefore no longer valid. The State argues that the officer was then entitled to arrest the defendant for driving without a valid license, and pursuant to the arrest, the defendant’s contraband was discovered.
*592 This case is governed by a statute; La. R.S. 32:412(G) provides that it is “unlawful for any person to drive a motor vehicle on any public street, road or |4highway of this state with an expired driver’s license.” Here, the fact that the defendant’s car had no brake tag gave the officers a valid reason to stop the defendant. When he admitted he did not have his license with him and the officers discovered his license had expired, the officers had probable cause to arrest him for driving without a valid license. Because the contraband was discovered incident to a legal arrest, the trial court properly denied* the defense’s motion to suppress the evidence.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.

AFFIRMED.