NUMBER 13-01-629-CR





COURT OF APPEALS





THIRTEENTH DISTRICT OF TEXAS





CORPUS CHRISTI - EDINBURG








KENNETH E. GIBSON , Appellant,



v.





THE STATE OF TEXAS , Appellee.






On appeal from the 36th District Court

 of San Patricio County, Texas.








O P I N I O N

 

Before Chief Justice Valdez and Justices Rodriguez and Dorsey (1)



Opinion by Justice Dorsey





 Appellant Kenneth Gibson appeals a conviction of possession of a controlled substance. By three issues, appellant argues
that the trial court erred by overruling a motion to suppress evidence, by allowing evidence of a prior conviction to be
admitted for impeachment, and that the evidence was insufficient to link the drugs to appellant. We affirm.

FACTUAL BACKGROUND

 On April 30, 2001, appellant Kenneth Gibson was stopped for speeding by an officer with the Mathis Police Department.
Gibson produced a driver's licence with the top portion cut off. The officer called the dispatcher about the licence number,
and while waiting for a response, asked appellant for permission to search the vehicle, which was given. During the search
of the vehicle, the officer received notice that the licence was suspended. Although nothing illegal was found during the
search of the passenger compartment of the vehicle, appellant was arrested for driving with a suspended licence and placed
in the patrol car. 

 The officer continued to search the vehicle, to "inventory" the contents for safekeeping, and, in the trunk, found a small
plastic bag hanging out of a small box. The officer also found a brown briefcase which contained envelopes, papers, and
new and used syringes. The small bag contained a white powdery substance later determined to be methamphetamine.
Appellant was tried by jury and found guilty of possession of a controlled substance, i.e., the methamphetamine found in
the trunk of the car. 

ANALYSIS 

 In the first issue, appellant claims the trial court erred in overruling his motion to suppress. 

 "In a suppression hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight
to be given to their testimony." See State v. Ballard, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999). We will view "the
evidence in the light most favorable to the trial court's ruling" and "may not disturb supported findings of fact absent an
abuse of discretion." Id. "If the trial court's findings of fact are supported by the record, an appellate court is not at liberty
to disturb them, and on appellate review, we address only the question of whether the trial court improperly applied the law
to the facts." Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1998). In addition, "the courts of appeals should
afford the same amount of deference to the trial court's rulings on application of law to fact questions, referred to as mixed
questions of law and fact, if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor."
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

 Appellant relies on Barber v. State, 611 S.W.2d 67 (Tex. Crim. App. 1981), to support his argument that consent was not
valid for the search of the trunk. In Barber, the defendant gave police officers permission to search the front of the vehicle.
Id.at 68. Without further consent, the police officer unlocked the truck, searched it and found stolen property inside. Id.
The Texas Court of Criminal Appeals found the motion to suppress should have been granted and reversed the decision. Id.
at 69. Our case differs in that the consent given was not limited to any specific area of the vehicle. In Simpson v. State, the
Fourteenth Court of Appeals stated that "[u]nless an officer's request, or a suspect's consent, limits a search to a particular
area of the vehicle, such as the passenger compartment or trunk, we believe that a request for a search 'of the car' reasonably
includes all areas of the vehicle and excludes none." Simpson v. State, 29 S.W.3d 324,330 (Tex. App.-Houston [14th Dist.]
2000, pet. ref'd). We agree with that reasoning. In our case, the police asked for and received consent to search the vehicle.
There were no limitations placed on the search, and defendant could have revoked or limited consent at any time. 
Therefore, the police officer had consent to search the entire vehicle. See Id. Issue one is overruled.

 In the second issue, appellant argues that there is insufficient evidence to link the contraband to appellant. 

 "The critical inquiry is whether, after viewing the entire body of evidence in the light most favorable to the prosecution,
any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." King v. State,
895 S.W.2d 701, 703 (Tex. Crim. App. 1995). To prove intentional or knowing possession of a controlled substance, the
State must show that "appellant exercised actual care, control and management over the contraband; and . . . had knowledge
that the substance in his possession was contraband." Id. 

 Evidence relevant to appellant's knowing custody of the contraband includes: (1) appellant driving a vehicle alone with
illegal drugs in the trunk; (2) appellant had $1,000 in his sock; (3) in the car's trunk was found, in addition to the illegal
drugs, a brief case containing an opened envelope with appellant's name on it and syringes that were both new and used;
and (4) the officer testified that after being stopped, appellant walked briskly to the back of the car putting his hand on the
trunk, and shook uncontrollably, and appellant did not respond when asked by the officer if the white powder was his.
Reviewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the
appellant had knowledge that the substance is his possession was contraband. King , 895 S.W.2d at 703. Issue two is
overruled.

 Appellant claims by his third issue the trial court erred by allowing evidence of prior convictions to impeach appellant
while he was testifying. 

 Appellant complains that the State did not give sufficient notice of its intent to use prior convictions for impeachment.
However, the prosecutor informed the court and appellant that he was going to ask appellant about his prior felony
convictions before doing so in conformity with appellant's motion in limine. Adequate notice was accordingly given to
allow objections to that portion of the cross examination. No error is shown.

 Then appellant claims that a recent conviction, not yet on appeal, was used for impeachment contrary to rule of evidence
609(e). The conviction in question was a bail-jumping conviction tried the previous week and is presently, but was not at
the time of trial, on appeal. That conviction was not a final conviction, it being under the continuing jurisdiction of the trial
court at the time of the later trial. Rule 609(e) states that "[p]endency of an appeal renders evidence of a conviction
inadmissible." Tex. R. Evid. 609(e). A conviction that was on appeal could not be used for impeachment prior to the
adoption of the rules of evidence, but the rationale was that the conviction on appeal was not final, and a conviction that
was not final could not be used because it could be reversed. Ringer v. State, 129 S.W.2d 654, 656 (Tex. Crim. App.
1939). Although it is an interesting question, whether Texas Rule of Criminal Evidence 609(e) narrowed the rule in
Ringerso that convictions that are not final, although not yet on appeal, may be used to impeach, the issue was not
preserved here. No objection was made on that basis. The point is not preserved. See Tex. R. App. P. 33.1(a). 

 Appellant also argues that error occurred when the prosecutor, in impeaching appellant on his prior convictions, asked if
the most recent conviction was for bail jumping. Appellant states in his brief that such a specific question mentioning the
offense was contrary to the court's earlier ruling. 

 However, the court's ruling did not prohibit the State from inquiring specifically about the bail jumping conviction. At
issue were three prior convictions the State wished to use for impeachment. The court allowed it to be done with the
admonition: "I prefer you to keep it is [sic] to if he has been convicted of other felonies and you may mention the recent
[bail jumping] case." The prosecutor argued he wanted to read straight from the indictment what offenses appellant was
convicted of and on what date. The court responded: "No, I'm not going to allow you to tell what the offense was. You can
ask on these particular two matters that he has been convicted twice of felonies and you may also ask about what the new
case is, but I'm afraid if we put in - we'll be showing too much of a pattern."

 Additionally, no contemporaneous objection was made that the prosecutor's question was contrary to the court's ruling.

 No error is shown. Issue three is overruled.

 The judgment is AFFIRMED.

 

____________________________ 

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 21st day of August, 2003.

 

1. Retired Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).