11th Court of Appeals
Eastland, Texas
Opinion
 
L. C. Dixon
            Appellant
Vs.                  No. 11-04-00239-CR -- Appeal from Taylor County
State of Texas
            Appellee
 
            L.C. Dixon, appellant, appeals his conviction for possession of a controlled substance,
cocaine. TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (Vernon 2003). After the trial
court denied appellant’s motion to suppress evidence, appellant pleaded guilty to the offense.
Pursuant to a plea bargain agreement and appellant’s plea of “true” to one prior conviction, the trial
court sentenced appellant to 20 years confinement. Appellant’s sole point of error is that the trial
court erred in failing to grant his motion to suppress evidence seized as a result of a warrantless
search. More specifically, appellant argues that the officers illegally detained him and that the
warrantless search of the vehicle was illegal because it was not based on probable cause or exigent
circumstances. We affirm.
Background Facts
            Abilene Police Officer David (D. D.) Gray received a tip from a confidential informant that
appellant was in possession of an off-white, rock-like substance purported to be crack cocaine. The
confidential informant gave a detailed description of appellant, including his name, the vehicle that
he was in, and the license plate number of that vehicle. The confidential informant also gave Officer
Gray the general location where he could find appellant. Officer Gray recognized that area as a
location where illegal drug transactions frequently occurred. Officer Gray had known the
confidential informant for over one year and knew that the informant had provided information in
the past that always proved to be true. The confidential informant had given information that led to
the arrest of at least five known drug offenders.
            After the confidential informant called Officer Gray with the information, Officer Gray met
with the informant in order for the informant to identify appellant by photograph. After it was clear
that Officer Gray and the informant were talking about the same person, Officer Gray contacted other
agents, and they all began searching for appellant. While they did not have a specific address, they
did have a general area to search. Officer Gray knew appellant had a history of dealing drugs.
            An officer located appellant in the area described by the informant and in the car described
by the informant. Officer Gray told appellant that they were with the Abilene Police Department,
advised appellant of his constitutional rights, and relayed the information that Officer Gray thought
that appellant was in possession of controlled substances. Officer Gray asked appellant if he had any
controlled substances or any items that he wanted to surrender. Appellant answered that he did not
have anything he wished to surrender. After this exchange took place and without appellant’s
consent, appellant was handcuffed, and Officer Gray searched appellant’s vehicle. Officer Gray
found cocaine in a film cannister located inside a toboggan sitting on the console between the two
front seats.
Standard of Review
            In reviewing a trial court’s ruling on a motion to suppress, appellate courts must give great
deference to the trial court’s findings of historical facts as long as the record supports the findings. 
Guzman v. State, 955 S.W.2d 85 (Tex.Cr.App.1997). Because the trial court is the exclusive fact-
finder, the appellate court reviews evidence adduced at the suppression hearing in the light most
favorable to the trial court’s ruling. Carmouche v. State, 10 S.W.3d 323, 327 (Tex.Cr.App.2000).
We also give deference to the trial court’s rulings on mixed questions of law and fact when those
rulings turn on an evaluation of credibility and demeanor. Guzman v. State, supra. Where such
rulings do not turn on an evaluation of credibility and demeanor, we review the trial court’s actions
de novo. Guzman v. State, supra; Davila v. State, 4 S.W.3d 844, 847-48 (Tex.App. - Eastland 1999,
no pet’n). 
Analysis
            The federal and state constitutions both guarantee the right to be secure from unreasonable
searches and seizures. U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; see also TEX. CODE
CRIM. PRO. ANN. art. 38.23(a) (Vernon 2005). Searches conducted without a warrant are
unreasonable per se, subject to a few specifically established and well-delineated exceptions. 
Minnesota v. Dickerson, 508 U.S. 366, 372 (1993); McGee v. State, 105 S.W.3d 609, 615
(Tex.Cr.App.2003). The State bears the burden to show that the warrantless search falls within one
of these exceptions. McGee v. State, supra at 615.
            The automobile exception permits officers to conduct a warrantless search of a motor vehicle
if the officer has probable cause to believe that the vehicle contains evidence of a crime. Chambers
v. Maroney, 399 U.S. 42, 48-49 (1970); Powell v. State, 898 S.W.2d 821, 827 (Tex.Cr.App.1994). 
A warrantless seach of an automobile based on probable cause is justified under the United States
and Texas Constitutions because an automobile can be quickly moved out of the jurisdiction making
obtaining a warrant impractical. See Scott v. State, 531 S.W.2d 825, 827 (Tex.Cr.App.1976). Where
there is probable cause to search a vehicle, exigent circumstances to justify a warrantless search are
not required. State v. Guzman, 959 S.W.2d 631, 634 (Tex.Cr.App.1998).
            Although the instant search falls under the automobile exception, the amount of probable
cause required to justify the search is the same as if a warrant had been sought. See Whiteley v.
Warden of Wyoming State Penitentiary, 401 U.S. 560 (1971). Probable cause for a search exists
when reasonably trustworthy facts and circumstances within the knowledge of the officer would lead
a person of reasonable caution and prudence to believe that the instrumentality of a crime or
evidence pertaining to a crime will be found. McNairy v. State, 835 S.W.2d 101, 106
(Tex.Cr.App.1991); Barber v. State, 611 S.W.2d 67 (Tex.Cr.App.1981).
            We examined the information that the trial court considered in upholding the presence of
probable cause under the “totality of the circumstances” approach. See Illinois v. Gates, 462 U.S.
213 (1983); Woods v. State, 956 S.W.2d 33, 38 (Tex.Cr.App.1997). We find that the informant
gained information concerning appellant’s identity, his whereabouts, and his future actions in a
reasonable manner. All the details provided by the confidential informant were verified prior to
appellant being handcuffed, except for the actual presence of cocaine. We conclude that Officer
Gray’s personal knowledge along with the reliable indicia of the confidential informant’s tip
satisfies the totality of the circumstances test. Therefore, Officer Gray had probable cause and
properly searched appellant’s vehicle.
            The trial court did not err in overruling appellant’s motion to suppress. Appellant’s sole
point of error is overruled.
This Court’s Ruling
            The judgment of the trial court is affirmed.
 
                                                                                    TERRY McCALL
                                                                                    JUSTICE
 
August 18, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Wright, J., and McCall, J.