United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

————————————

No. 05-30547

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL W. FISHEL,

Defendant-Appellant.

——————————————————————————————

Appeal from the United States District Court for
the Western District of Louisiana
(USDC No. 3:04-CR-30030)

——————————————————————————————

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

REAVLEY, Circuit Judge:

Michael Fishel pleaded guilty to possession of methamphetamine with intent to distribute pursuant to a plea agreement that retained the right to appeal the denial of his motion to suppress. Fisher appeals and renews his argument that his detention beyond the completion of the officer's investigation resulting from the initial traffic stop for illegal lane usage was unreasonable. We affirm.

1

While working on Interstate 20 in Ouachita Parish, Louisiana, Officer James Purvis observed a vehicle weaving between lanes, its occupant talking on a cell phone and driving 20 miles per hour under the speed limit. Purvis activated his emergency lights, stopped the vehicle, and informed the driver, Michael Fishel, of the reason for the stop. Fishel gave Purvis his driver license, but appeared extremely nervous with a tremor in his voice. Purvis asked Fishel to exit the vehicle and stand at the rear of the vehicle. Fishel complied, and Purvis informed Fishel that he would issue Fishel a citation for improper lane usage. Purvis inquired as to Fishel's destination and ownership of the vehicle, and Fishel told Purvis that he owned the vehicle, that he had been visiting his brother in Austin, Texas, and that he was on his way home to Indiana. Purvis remarked that Fishel's route didn't seem a very direct way to get back to Indiana. Fishel responded that he planned first to stop in Tunica, Mississippi to pick up a destitute friend. When Purvis ran a computer check of Fishel's license, he discovered that the license was expired.

When Purvis asked Fishel if he could search the vehicle, Fishel's legs seemed to fail and he had to brace himself against his vehicle. He then changed his story of ownership and said that he could not give consent to search the vehicle because it did not belong to him. The officer then radioed for the K-9 unit and, within a few minutes, the dog arrived and alerted to indicate the presence of drugs. A search of the vehicle located the methamphetamine.

II.

The controlling authority here is given in this court's en banc opinion in <u>United States v. Brigham</u>, 382 F.3d 500 (5th Cir. 2004), where we emphasized the importance of the reasonableness of the peace officer's conduct in "the scope of questioning, investigative techniques, or length of permissible detention that may be undertaken following a valid traffic stop." <u>Id</u>. at 512. The court ruled: "A traffic detention may last as long as is reasonably necessary to effectuate the purpose of the stop, including the resolution of reasonable suspicion, supported by articulable facts within the officer's professional judgment, that emerges during the stop." <u>Id</u>.

There is no question that the officer may examine the driver's license and vehicle registration during a traffic stop and run a computer check on both. <u>Id</u>. at 507-08. He may also ask about the purpose and itinerary of the driver's trip. <u>Id</u>. at 508.

Officer Purvis' actions were eminently reasonable under the circumstance of Fishel's conduct and statements, as well as his driving with an expired license – an offense for which Purvis had probable cause to arrest. <u>State v. Randall</u>, 718 So. 2d 590, 592 (La. App. 4 Cir. 1998).

AFFIRMED.