United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51572
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DIONICIO SANCHEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
No. 5:04-CR-403-1

_____

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit
Judges.

PER CURIAM:[*]

Dionicio Sanchez pled guilty to possession of cocaine
with intent to distribute in violation of 21 U.S.C. § 841(a)(1),
(b)(1)(A). Sanchez's conditional guilty plea reserved the right to
appeal the denial of his motion to suppress. Finding no
constitutional violation, we AFFIRM.

## I. BACKGROUND

At around 3:30 p.m. on July 31, 2004, Sanchez was driving
through Gonzales County, Texas, when State Trooper Michael Turk
clocked Sanchez's Ford pickup at 88 mph in a 70-mph zone. Turk

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

stopped the vehicle and requested Sanchez's driver's license and insurance certificate. Sanchez informed Turk that he did not speak English, although he had responded to Turk's loud-speaker command to pull the vehicle further onto the shoulder. Sanchez spoke in broken English during the stop and appeared to comprehend Turk's questions.

Before Sanchez provided the documentation, Turk noticed that the air conditioner was making a "roaring noise" but that the interior of the vehicle remained warm. As Sanchez moved to retrieve his insurance documents, Turk noticed that Sanchez's hands were shaking and that he showed signs of nervousness. Turk immediately ordered Sanchez out of the vehicle.

Turk noticed that Sanchez's insurance certificate had been issued only four days before in Laredo, Texas, the area from which Sanchez indicated he had come. Sanchez's driver's license indicated a Houston address; however, a dispatcher informed Turk that the vehicle had been registered in El Cenizo, Texas. The vehicle had not been reported stolen.

When asked his destination, Sanchez responded that he was headed to Houston to visit his uncle. Based on his experience, Turk knew that Laredo was a source city and Houston a destination city for narcotics. Turk then asked Sanchez how many days he had been in Laredo, to which Sanchez responded that it was very hot. Turk believed Sanchez was evading questions about his trip.

Turk advised Sanchez that he would receive a speeding

ticket and began to fill out the citation. After walking around the vehicle to view the registration and inspection certificate, Turk informed Sanchez that the road he was traveling was a known pipeline for illegal drugs. Before he completed the citation, Turk asked Sanchez if he was carrying anything illegal in his truck like marijuana or cocaine. Sanchez averted his eyes and said no. Less than twelve minutes after the stop had begun, Turk asked Sanchez in Spanish for permission to search the vehicle, and Sanchez gave his verbal consent.

Turk's search of the vehicle revealed over sixty-seven pounds of cocaine secreted within the dashboard. After the district court denied Sanchez's motion to suppress, Sanchez entered a conditional guilty plea. He now appeals.

## II. DISCUSSION

Sanchez argues that Turk unconstitutionally extended the traffic stop when, after learning that the vehicle was not stolen, he continued questioning him about matters unrelated to the initial stop.[1] He also contends that his consent was involuntary. We review the district court's factual determinations for clear error

---

[1] Sanchez relies upon United States v. Santiago, 310 F.3d 336 (5th Cir. 2002), United States v. Valadez, 267 F.3d 395 (5th Cir. 2001), United States v. Jones, 234 F.3d 234 (5th Cir. 2000), and United States v. Dortch, 199 F.3d 193 (5th Cir. 1999). We distinguished those cases in Brigham because reasonable suspicion was lacking after computer checks came back "clean"; without articulable facts, further questioning rendered the detentions unconstitutional. In this case, like Brigham, Turk had additional reasonable suspicion based on articulable facts that Sanchez was involved in drug trafficking.

3

and its Fourth Amendment conclusions de novo.  See United States v. Brigham, 382 F.3d 500, 506 n.2 (5th Cir. 2004) (en banc).

Sanchez does not contest the initial stop; thus, the issue is whether Turk's actions "were reasonably related to the circumstances that justified the stop, or to dispelling his reasonable suspicion developed during the stop."  Id. at 507; see also United States v. Gonzalez, 328 F.3d 755, 758 (5th Cir. 2003).

Sanchez's arguments resemble those made in Brigham. There we rejected the notion that an officer's questioning "on a subject unrelated to the purpose of a routine traffic stop" was itself a Fourth Amendment violation, and held that the officer did not act unreasonably in extending the stop.  382 F.3d at 508 (emphasis omitted); see also id. ("[D]etention, not questioning, is the evil at which Terry's second prong is aimed." (quoting United States v. Shabazz, 993 F.2d 431, 436 (5th Cir. 1993))).  The occupants of the vehicle in Brigham had aroused the officer's suspicion because the lessee was not present and they had appeared nervous, avoided eye contact, and answered questions indirectly. Id.

Assuming Turk extended the detention,[2] he had reasonable suspicion based on articulable facts that Sanchez was involved in

---

[2]    Turk asked for Sanchez's consent before he completed the citation; therefore,"the detention continued to be justified by the facts that gave rise to its inception."  United States v. Jenson, 462 F.3d 399, 408 (5th Cir. 2006) (noting that the detention in Brigham was justified by the facts giving rise to the initial stop because "the police obtained consent to search defendant's vehicle while the background check was pending").  Moreover, nothing about Turk's questioning of Sanchez was improper.  See Brigham, 382 F.3d at 508.

4

drug trafficking. Turk's suspicions were aroused by the "roaring noise" emanating from the dashboard; Sanchez's shaking hand and nervousness; the recently issued insurance certificate; the discrepancy between the addresses on Sanchez's license and the insurance certificate; Sanchez's averting his eyes when asked if he carried contraband; and the fact that Sanchez was driving a known drug-courier route. See id. at 509 ("The Supreme Court has emphasized the importance of allowing officers to draw on their own experience and specialized training . . . ." (internal quotation marks omitted)); see also United States v. Fishel, 467 F.3d 855, 857 (5th Cir. 2006); United States v. Estrada, 459 F.3d 627, 632 (5th Cir. 2006); Gonzalez, 328 F.3d at 758. Because Turk had not completed the citation when he asked for consent, his actions did not extend the length of Sanchez's detention. See Brigham, 382 F.3d at 511 ("There is, however, no constitutional stopwatch on traffic stops."); see also Jenson, 462 F.3d at 408. Turk's actions under the circumstances were reasonable, and Sanchez's continued detention did not violate the Fourth Amendment.

Because Turk's actions were reasonable, Sanchez's consent was not unconstitutionally tainted. See Brigham, 382 F.3d at 512; Gonzalez, 328 F.3d at 759. Nothing in the record indicates that the district court clearly erred in determining that Sanchez's consent was not an independent act of free will.

**AFFIRMED.**

5