# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00729-CR

**Billy Joe Hamilton, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT OF COKE COUNTY, TEXAS
### NO. 06-4123, HONORABLE ROY BLAIR, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After he unsuccessfully moved to suppress evidence of marihuana discovered by law enforcement during a warrantless vehicle search incident to a traffic stop, Billy Joe Hamilton pleaded no contest to a charge of possessing a usable quantity of marihuana in an amount of two ounces or less, a Class B misdemeanor, and was convicted. *See* Tex. Health & Safety Code Ann. § 481.121(a), (b)(1) (West 2003). In his sole issue, Hamilton contends that the trial court erred in denying his motion to suppress because there was no probable cause to justify the search. *See* U.S. Const. amend. IV. On this record, we conclude that the search was justified by probable cause that Hamilton's vehicle contained evidence of a crime and affirm the judgment of the trial court.

## BACKGROUND

The pertinent facts are summarized in the trial court's detailed findings of facts concerning the evidence presented at the suppression hearing:

- Department of Public Safety officer Scott Frasier stopped Hamilton and a co-worker, Roger Villarreal,[1] "for speeding 76 in a 70 mph area zone on US - 277 in Coke County, Texas."

- "Defendants were making suspicious, unexplained movements in the front of the vehicle as Officer Frasier stopped them."

- "Defendants had not located insurance papers by the time the vehicle was stopped and offered no explanation for said movements when questioned on the stand."

- "Upon stopping the vehicle, the driver [Villarreal] stepped out of the vehicle at officer's request, and officer observed a marihuana seed on the driver's seat. Officer knew the seed to be a marihuana seed from his training and experience. The officer's ability to identify a marihuana seed was not questioned."

- "As proof of insurance was being provided from the center console, officer observed a cigarette lighter on the front center console in plain view."

- "Officer asked the passenger, Mr. Hamilton, who smoked, and was told that neither he nor the driver did. He then asked defendant Villarreal who smoked and was again told that neither did."

- "Officer testified that the defendants appeared nervous."

- "Believing that the defendants' movements in the front of the truck while being pulled over, coupled with the plain view of the marihuana seed and a cigarette lighter when no one admitted smoking, and given the nervous appearance of the defendants presented probable cause that a crime was being committed, Officer Frasier searched the vehicle. Officer Fraiser emphasized that no one thing, but the totality of the circumstances gave rise to probable cause."[2]

---

[1] Hamilton and Villarreal were each charged with marihuana possession and filed a joint motion to suppress; thus, the trial court's findings reference "defendants."

[2] Officer Frasier testified, "Going with the movement that I saw as they stopped and as the vehicle came to a stop, the fact that there was a cigarette lighter in there and both of them telling me

2

- "The officer found a small amount of marihuana residue on the kick plate of the front door, marihuana in the console in a container, and marihuana inside two Styrofoam cups in the center console."

- "Defendants put on evidence that a fellow worker who sometimes rode in the vehicle smoked cigarettes, a carton of which were in the back of the truck."

- "Defendants put on evidence that a cigarette lighter might have been used to heat a fitting used in their work, an explanation which the Court finds unconvincing."

- "The Court found the testimony of Officer Frasier convincing and truthful" and that "Officer Frasier has more than 15 years of law enforcement experience and an excellent reputation . . . for veracity and detail."

- "The Court found the testimony of defendants regarding the use of the cigarette lighter as a working tool not convincing."

The trial court concluded that "(1) furtive movements by defendants while being pulled over, (2) a marihuana seed on the driver's seat in plain view, (3) a cigarette lighter on the middle console in plain view, and (4) nervous behavior by defendants during the temporary detention for a lawful traffic stop" "together, looking at the totality of the circumstances, did give rise to probable cause to conduct the search."

## DISCUSSION

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review, giving almost total deference to a trial court's determination of historical facts and reviewing de novo the court's application of the law. *See Wiede v. State,* 214 S.W.3d 17, 24-25

---

they don't smoke and the fact that I saw a marihuana seed in the front driver's seat, I believed I had probable cause to believe [there] was probably marihuana in that car."

3

(Tex. Crim. App. 2007); *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997). If the ruling on the motion to suppress is reasonably supported by the record and is correct under any theory of law applicable to the case, we must uphold the ruling. *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002) (citing *Romero v. State*, 800 S.W.2d 539, 543-44 (Tex. Crim. App. 1990)).

Once a defendant proves that a search occurred without a warrant, the burden shifts to the State to prove the reasonableness of the search. *Russell v. State*, 717 S.W.2d 7, 9-10 (Tex. Crim. App. 1986) (en banc); *White v. State,* 201 S.W.3d 233, 240 (Tex. App.—Fort Worth 2006, pet ref'd). In determining the reasonableness of a search or seizure, the actions of police are judged by balancing the individual's privacy interest against the State's interest in law enforcement. *Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007); *Schenekl v. State*, 30 S.W.3d 412, 413 (Tex. Crim. App. 2000) (citing *Delaware v. Prouse*, 440 U.S. 648, 654 (1979)). The balancing test is utilized to ensure that an individual's Fourth Amendment rights are not subjected to "arbitrary invasions at the unfettered discretion of officers in the field." *Gutierrez,* 221 S.W.3d at 685; *Schenekl*, 30 S.W.3d at 413; *see Prouse*, 440 U.S. at 654.

The "automobile exception" permits officers to conduct a warrantless search of a motor vehicle if the officer has probable cause to believe that the vehicle contains evidence of a crime. *Chambers v. Maroney*, 399 U.S. 42, 48-49 (1970); *Powell v. State*, 898 S.W.2d 821, 827 (Tex. Crim. App.1994). The rationale for this exception is twofold: (1) "the inherent mobility of automobiles creates circumstances of such exigency that, as a practical necessity, rigorous enforcement of the warrant requirement is impossible," and (2) "the expectation of privacy with

4

respect to one's automobile is significantly less than that relating to one's home or office." *South Dakota v. Opperman*, 428 U.S. 364, 367 (1976). Accordingly, where there is probable cause to search a vehicle, exigent circumstances to justify a warrantless search are not required. *State v. Guzman*, 959 S.W.2d 631, 634 (Tex. Crim. App. 1998). If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. *United States v. Ross*, 456 U.S. 798, 825 (1982).

Probable cause to search or arrest exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead persons of reasonable prudence to believe that an instrumentality of a crime or evidence pertaining to a crime will be found. *Gutierrez,* 221 S.W.3d at 685*; Estrada v. State*, 154 S.W.3d 604, 609 (Tex. Crim. App. 2005); *McNairy v. State*, 835 S.W.2d 101, 106 (Tex. Crim. App. 1991); *Washington v. State*, 660 S.W.2d 533, 535 (Tex. Crim. App. 1983); *Barber v. State*, 611 S.W.2d 67, 68 (Tex. Crim. App. 1981). We apply the "totality of the circumstances" test for determining probable cause for a warrantless search. *Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004) (citing *Florida v. Royer*, 460 U.S. 491, 500 (1983)); *see Terry v. Ohio*, 392 U.S. 1, 19-21 (1968). The totality of the circumstances analysis is fact-specific. *See Kothe*, S.W.3d at 63.

The trial court explicitly found Officer Frasier credible and concluded that, based on the totality of the circumstances, Frasier had probable cause to search the vehicle, specifically relying on the combination of (1) furtive movements made by defendants in the vehicle as they were being stopped, (2) a marihuana seed on the driver's seat in plain view, (3) a cigarette lighter in plain view on the front console, with defendants claiming that neither of them smoked, and (4) defendants'

nervous behavior during the stop. We agree that these facts constitute probable cause that the vehicle contained evidence of crime.

In *Adams v. State*, 634 S.W.2d 785, 793-94 (Tex. App.—Austin 1982, no pet.), this Court held that probable cause existed to justify a warrantless vehicle search where an officer saw marihuana seeds in the driver's seat during a traffic stop. It held that the search—which uncovered nine bags of marihuana in a closed ice cooler in the backseat of the car—was reasonable because the officer had observed the marihuana seeds in plain view, giving him probable cause to search the vehicle, and that the driver did not have an expectation of privacy in his ice cooler. *Id.* Similarly, in *Gillard v. State,* the Beaumont Court of Appeals held that a police officer had probable cause to search a vehicle when the officer saw leafy marihuana in plain view during a routine traffic stop. 662 S.W.2d 34, 36 (Tex. App.—Beaumont 1983, no writ).

Here, Officer Frasier not only witnessed a marihuana seed in plain view in the driver's seat, but witnessed furtive movements during the stop, nervous behavior, and dubious denials that the vehicle occupants used a cigarette lighter in plain view to smoke. *See United States v. Fishel*, 467 F.3d 855, 856 (5th Cir. 2006) (during traffic stop, search of vehicle justified by suspect's nervous behavior combined with other factors); *Smith v. State*, 542 S.W.2d 420, 421-22 (Tex. Crim. App. 1976) (furtive movements or gestures are valid indicia of mens rea and, although alone insufficient, when combined with other suspicious circumstances, may give rise to probable cause); *Cunningham v. State*, 11 S.W.3d 436, 440 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (finding small amount of marihuana in vehicle, together with furtive gestures of occupant, gave police officer probable cause to search entire vehicle, believing it contained larger quantities of marihuana); *but*

*see Wiede v. State*, 157 S.W.3d 87, 98 (Tex. App.—Austin 2005, pet. ref'd) (furtive gesture alone, made while person is stopped for traffic offense, does not establish probable cause for search).

Hamilton attempts to equate this case to *Wilkins v. State*, 829 S.W.2d 818 (Tex. App.—Austin 1992, no pet.), in which this Court held that law enforcement lacked probable cause to search a pornography viewing booth and violated the defendant's expectation of privacy where the search was based solely upon hearing moaning noises from within the booth. *Wilkins* is clearly distinguishable from this case, which involves a warrantless search under the "automobile exception," a marihuana seed in plain view, and suspicious behavior by the vehicle occupants.

**CONCLUSION**

Based on this record, we agree with the trial court that Officer Frasier's vehicle search was supported by probable cause and was reasonable. Accordingly, the trial court did not err in denying Hamilton's motion to suppress. We overrule Hamilton's issue and affirm the trial court's judgment.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: August 31, 2007

Do Not Publish

7