# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10433
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 9, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALBERTO MENDEZ BERNAL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:14-CR-92-1

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alberto Mendez Bernal pleaded guilty to possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), but reserved his right to appeal the denial of his motion to suppress. On appeal, he argues that his prolonged detention for questioning exceeded the scope of the traffic stop and was not supported by reasonable suspicion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10433

When reviewing a denial of a motion to suppress evidence, this court reviews factual findings for clear error and the ultimate constitutionality of law enforcement's action *de novo*. *See Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010).

When the officers stopped Bernal for having a defective headlight and brake light, he was traveling on Highway 287, a known drug-trafficking corridor. Bernal was also traveling from California, a state that, in the officers' experience, had a reputation for drug trafficking. Bernal was driving a recently purchased car, and based on the officers' experience, drug traffickers typically use a rental car or a recently purchased car when transporting narcotics. Bernal's story about the purpose of the trip (i.e., visiting his sister) was suspicious to the officers given that he did not know her address or even the city where she lived. Bernal was driving across the country, from California to Alabama, on a suspended license, a risk that seemed inappropriate given the stated purpose of the trip (i.e., visiting a sister whose general area of residence he did not even know). Bernal exhibited an inappropriate level of concern regarding the reason for the stop and remained nervous even after he was allowed to inspect the defective headlight.

These factors, when taken together, demonstrate that the officers' detention of Bernal for only two minutes after writing the citation and warning was supported by reasonable suspicion. This court has found reasonable suspicion under similar circumstances. *See Pack*, 612 F.3d at 361 (finding reasonable suspicion where the officer testified as to the defendant's nervousness, the driver's and passenger's conflicting stories, and the fact that the pair was traveling on a known drug corridor); *United States v. Fishel*, 467 F.3d 855, 856 (5th Cir. 2006) (holding that reasonable suspicion existed based on defendant's nervousness, expired driver's license, and suspicious story

regarding travel plans); and *United States v. Brigham*, 382 F.3d 500, 509 (5th Cir. 2004) (holding that absence of an authorized driver, inconsistent explanation regarding reason for trip, and passenger's presentation of fake ID justified officer's continued detention of defendants).

Bernal also claims that his consent to search the vehicle was involuntary because it was given after the officers had written the citation and warning but before they returned Bernal's identification card and insurance papers. But this argument ignores all of the factors demonstrating that his consent was voluntary. *See United States v. Solis*, 299 F.3d 420, 436 (5th Cir. 2002) (setting out factors considered when analyzing whether consent to search was voluntary). As stated in the magistrate judge's report, Bernal's encounter with the officers was "the antithesis of coercive." The officers put no pressure on Bernal to consent to the search, and Bernal volunteered to allow the search before it was even requested. Bernal was cooperative and complied with each of the officers' requests. Although Bernal did not speak English, there was no evidence that Bernal was of below average intelligence, and one of the officers was fluent in Spanish and was available to translate. Finally, given how well the drugs were hidden in the trunk, Bernal likely believed that no incriminating evidence would be found. In light of the forgoing, Bernal has failed to show that the district court clearly erred in concluding that Bernal's consent to search was voluntary.[1]

Because the officers' search of the vehicle was supported by voluntary consent, obtained during a lawful detention, the district court did not err in

---

[1] Bernal also argues that his consent was not an independent act of free will. Because his consent was not given during an illegal detention, however, the court need not consider this prong of the consent inquiry. *See United States v. Khanalizadeh,* 493 F.3d 479, 484 (5th Cir. 2007) (declining to address whether consent was an independent act of free will where no constitutional violation preceded consent).

denying Bernal's motion to suppress.  Accordingly, the district court's decision is AFFIRMED.