# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30975
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO GUERRERO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:15-CR-57-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Eduardo Guerrero pleaded guilty to conspiracy to distribute and to possess with the intent to distribute 50 grams or more of methamphetamine or 500 grams or more of a mixture containing methamphetamine, and he was sentenced to 120 months of imprisonment, to be followed by five years of supervised release. Guerrero's guilty plea was conditional, as he reserved the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

right to appeal the denial of his motion to suppress evidence seized from a truck registered to him that was driven by Raul Tuda.

Guerrero argues that the district court erred in denying his motion to suppress the evidence seized from the truck. He contends that there was no reasonable suspicion to justify a prolonged detention. Additionally, Guerrero challenges the voluntary nature of Tuda's consent to search the vehicle and the use of a canine. When reviewing a denial of a motion to suppress evidence, we review "factual findings for clear error and the ultimate constitutionality of law enforcement action de novo." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014).

Tuda and the passenger were traveling as unlicensed drivers in a vehicle that was not registered to them. They exhibited nervous behavior and were unable to tell Trooper Justin Stephenson their intended destination. After conferring with the passenger, Tuda stated that Jackson was his destination but then changed his answer to Atlanta. The vehicle had visible modifications, including a rerouting of the exhaust pipe and a new fuel filter on one of the fuel tanks. These factors, when taken together, demonstrate that the continued detention after the issuance of the traffic citation was supported by reasonable suspicion. *See United States v. Pack*, 612 F.3d 341, 361 (5th Cir. 2010); *United States v. Fishel*, 467 F.3d 855, 856 (5th Cir. 2006); *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) (en banc).

Challenging Tuda's consent to the search of the vehicle, Guerrero contends that the language barrier prevented Tuda from understanding that he was consenting, that there was no evidence of verbal consent, that the written consent form was not presented as evidence, that there was no evidence that the consent form was read and explained to Tuda, and that there

was no evidence that Tuda was informed of his *Miranda*[1] rights. The voluntariness of consent is a factual finding reviewed for clear error. *United States v. Solis*, 299 F.3d 420, 436 (5th Cir. 2002).

Trooper Stephenson was polite throughout the encounter and did not exhibit coercive behavior. Tuda was cooperative and complied with Trooper Stephenson's requests. Trooper Stephenson provided Tuda with a Spanish-language written consent to search form, and the document contained information on the right to refuse consent. Moreover, the record does not indicate that Tuda's intelligence level was diminished or impaired in any manner. Finally, given how well the drugs were hidden in the fuel tank, Tuda could have believed that no incriminating evidence would be found. Moreover, "[t]here is no '*Miranda* requirement' attending a simple request for permission to search." *United States v. Arias-Robles*, 477 F.3d 245, 250 (5th Cir. 2007). Under the totality of the circumstances, the district court's finding of voluntary consent is not clearly erroneous. *See Solis*, 299 F.3d at 436.

Guerrero also argues that Tuda's consent was not an independent act of free will. As Tuda's consent was not given during an illegal detention, we need not consider this prong of the consent inquiry. *See United States v. Khanalizadeh*, 493 F.3d 479, 484 (5th Cir. 2007).

Citing to *Rodriguez v. United States*, 135 S. Ct. 1609 (2015), Guerrero argues that the use of a canine to perform an open-air sniff prolonged the detention without providing reasonable suspicion. *Rodriguez* is inapplicable to the facts of the instant matter because, as discussed above, Trooper Stephenson had reasonable suspicion of criminal activity to extend the detention and Tuda had consented to a search of the vehicle. *Cf. Rodriguez*, 135 S. Ct. at 1614.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

No. 16-30975

Guerrero fails to show that the district court erred in denying his motion to suppress. The judgment of the district court is AFFIRMED.