# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20366

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEXTER THOMAS DURRANTE, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-32-1

Before DAVIS, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Dexter Thomas Durrante, Jr., appeals his conviction and sentence for possession of a firearm by a convicted felon. Durrante argues that the district court erred in denying his motion to suppress the evidence. Trooper Stephen Brockman stopped Durrante and conducted a commercial inspection of his truck and car trailer combination based on the initial suspicion that the vehicle combination exceeded the permissible length. Durrante does not challenge the validity of the stop but rather contends that there was no reasonable suspicion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20366

to justify a delay of 10 to 12 minutes during which time Trooper Brockman made phone calls to secure a K-9 unit.

On appeal from the denial of a suppression motion, we review the district court's factual findings for clear error and legal issues de novo, considering the evidence in the light most favorable to the prevailing party. *See United States v. Wise*, 877 F.3d 209, 215 (5th Cir. 2017) (citations omitted). The legality of a traffic stop is examined under the two-pronged analysis described in *Terry v. Ohio*, 392 U.S. 1 (1968). *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) (en banc). Because Durrante does not contest the validity of the stop, it is necessary only to examine the second part of the *Terry* analysis. *See id.* at 506-07.

Trooper Brockman articulated several facts that support the district court's determination that the prolonged stop that was extended for 10 to 12 minutes was justified by reasonable suspicion. Specifically, Trooper Brockman stated that Durrante was traveling from Houston, a "source city for narcotics." He noted that Durrante was transporting an empty car trailer not registered to him and that the truck was registered in Georgia, while the trailer was registered in Louisiana. Additionally, Durrante did not have operating authority in Texas. Trooper Brockman noted that Durrante had out-of-state warrants and a prior drug-trafficking conviction and that his story was implausible. Durrante informed Trooper Brockman that he had been on a pleasure trip to Dallas. However, Durrante was traveling with an empty car trailer, which added expense and potential parking problems. Based on these facts and the fact that Durrante lied about not having a log book (which the trooper saw on the front seat of the vehicle), Trooper Brockman did not believe Durrante when he claimed his trip was for pleasure and not commercial.

No. 18-20366

Considering the totality of the circumstances, the district court did not err in determining that there was reasonable suspicion of drug trafficking so as to prolong the stop. *United States v. Pack*, 612 F.3d 341, 352, 361 (5th Cir. 2010) (finding reasonable suspicion warranting defendant's continued detention for further investigation where defendant was extremely nervous, gave a story that conflicted with driver's story, and was traveling along a drug trafficking corridor), *modified on other grounds*, 622 F.3d 383 (5th Cir. 2010); *see also United States v. Fishel*, 467 F.3d 855, 856-57 (5th Cir. 2006) (holding that officer's actions to resolve suspicion were reasonable where the defendant was nervous, was driving with an expired driver's license, and gave a suspicious story regarding travel plans); *Brigham*, 382 F.3d at 509 (finding that the absence of an authorized driver, an inconsistent explanation regarding reason for trip, and the passenger's presentation of fake identification justified the officer's continued detention of defendants).

Accordingly, the district court did not err in denying the motion to suppress the evidence.  The judgment of the district court is AFFIRMED.