# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-10282
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Brian Lamont Davis,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:23-CR-76-1

———————————————————

Before Smith, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Brian Davis appeals his conviction of possession with intent to distribute cocaine. He challenges the denial of his motion to suppress evidence and contends that the officer unreasonably prolonged the traffic stop to wait for a canine sniff.

We review the district court's legal conclusions *de novo* and its factual

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

determinations for clear error. *United States v. Montes*, 602 F.3d 381, 384 (5th Cir. 2010). Contrary to Davis's assertions, it is well settled that officers may "ask about the purpose and itinerary of the driver's trip," *United States v. Fishel*, 467 F.3d 855, 857 (5th Cir. 2006), and may question the occupants of the vehicle—even on unrelated topics—so long as those inquiries do not prolong the stop, *Rodriguez v. United States*, 575 U.S. 348, 349 (2015).

The questioning of Davis and his companion was fully within the scope of the detention justified by the traffic stop, particularly after the officer had ascertained that the car had been rented by a third party and Davis and the passenger had given conflicting versions of their itinerary. The officer's increasing suspicion was also fueled by the faint smell of suspected marihuana and Davis's nervousness, his leaving a source city for narcotics, traveling on a known drug corridor, and carrying minimal luggage. The officer had a right to rely on experience in concluding that such actions indicate that an individual may be lying. *See United States v. Brigham*, 382 F.3d 500, 508 (5th Cir. 2004) (en banc). Accordingly, the traffic stop was not prolonged in violation of the Fourth Amendment.

AFFIRMED.