Ronald C. SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 52538.

Court of Criminal Appeals of Texas.

Oct. 27, 1976.

Richard E. Banks, Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty., Donald H. Flanary, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

CORNELIUS, Commissioner.

The conviction was for possession of marihuana, a Class B misdemeanor. The punishment imposed was a fine of $200.00 and thirty days' confinement in jail, probated for six months.

■ The principal issue is the legality of the search which produced the contraband. At 12:20 a. m. on December 8, 1974, Officer Hughes approached the parking lot of Geno's Lounge in Dallas. A number of automobiles were parked on the lot. The officer noticed appellant and two other males standing near the opened right front door of an unoccupied automobile. Appellant and one of the other men were facing the parked car. The third man, Dale Gutermuth, was facing Officer Hughes as he approached from the rear in his marked patrol car. As the officer approached, Gutermuth hurriedly sat down on the front seat of the automobile, with his feet remaining on the outside and his gaze in the direction of the officer. He then leaned to his left toward the dash as if he was putting something under the front seat. Gutermuth's movement aroused the officer's suspicion, so he went over to the men and instructed them to go to the back of the car. The officer then leaned inside the car and looked under the front seat where he found a plastic baggie containing marihuana. Officer Hughes asked who owned the marihuana and appellant answered that it belonged to him. The automobile belonged to Gutermuth. Officer Hughes did not have a search warrant nor did he receive permission to search the automobile. He did not smell any odor of marihuana, did not see any contraband in plain view, and had no reason to suspect that any law violation was taking place except for the movement of Gutermuth which he interpreted as an attempt to hide something. Appellant moved to suppress the evidence on the ground that the warrantless search was not based upon adequate probable cause. The trial court overruled the motion.

■ Evidence obtained in violation of the constitutional prohibition against unreasonable searches and seizures is inadmissible and must be suppressed upon proper motion. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081; *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441. Unless conducted as an incident to a lawful arrest, a warrantless search must be justified by probable cause if it is to meet constitutional requirements. The probable cause may be any one of three classes: probable cause to search, probable cause to arrest, and probable cause to investigate. *Brown v. State*, 481 S.W.2d 106 (Tex.Cr.App.1972). Probable cause for a search exists where the facts and circumstances known to the officer upon reasonably trustworthy information would lead a man of reasonable caution and prudence to believe that the search will produce evidence pertaining to a crime. *Dyke v. Taylor Implement Mfg. Co.*, 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538; *Brinegar v. United States*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed.2d 1879; *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543. The mere inarticulate hunch, suspicion or good faith of the officer is insufficient to constitute probable cause. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *Brown v. State*, supra. As appellant was charged with possession of the contraband, he has standing to contest the validity of the search which produced it. *Maldonado v. State*, 528 S.W.2d 234 (Tex.Cr.App.1975).

■ The only circumstance causing Officer Hughes to become suspicious was the movement of Gutermuth. Furtive movements are valid indicia of mens rea and, when coupled with reliable information or other suspicious circumstances relating the suspect to the evidence of crime, may constitute probable cause. *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917; *Wilson v. State*, 511 S.W.2d 531 (Tex.

**422**

Cr.App.1974). But furtive movements or gestures alone are insufficient for such purpose. *Wilson v. State,* supra; *Brown v. State,* supra. The reasons supporting that rule are obvious. An innocent movement can easily be mistaken for a guilty one. The motivation for such movements may run the whole spectrum from the most legitimate to the most heinous. It is because of this danger that the law requires more than a mere furtive gesture to constitute probable cause for a search or arrest. *People v. Superior Court of Yolo County,* 3 Cal.3d 807, 91 Cal.Rptr. 729, 478 P.2d 449; *Wilson v. State,* supra.

The record does not show probable cause for the search of the automobile in this case. Likewise, no probable cause existed for an arrest which would give rise to a right of search incident to a lawful arrest. Neither would the facts here justify a search of the unoccupied automobile under the rule permitting a temporary detention for investigative purposes. See *Terry v. Ohio,* supra; *Wood v. State,* 515 S.W.2d 300 (Tex.Cr.App.1974). The cases relied upon by the state are inapposite. They involved temporary detentions for investigative purposes where the incriminating evidence was lawfully obtained as the result of a *protective search* or was in *plain view.* See for example, *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612, and *Baity v. State,* 455 S.W.2d 305 (Tex.Cr.App.1970).

It cannot be said that the error here was harmless beyond a reasonable doubt. Although appellant, in response to the officer's question, admitted that the marihuana belonged to him, it was stipulated that such declaration was made at a time when appellant was in investigatorial custody and no *Miranda* warnings had been given. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; *Smith v. State,* 507 S.W.2d 779 (Tex.Cr.App.1974). Furthermore, the exclusionary rule extends as well to the indirect as to the direct products of an illegal search. It requires not only that the tangible evidence obtained from the search not be used in court, but that it shall not be used *at all. Silverthorne Lumber Co. v.*

*United States,* 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319. Appellant's declaration was no less a "fruit" of the unlawful search than was the marihuana itself. *Wong Sun v. United States,* supra.

Appellant's motion to suppress should have been granted. The judgment is reversed and the cause remanded.

Opinion approved by the Court.