Antonio DeLAO, Appellant,

v.

The STATE of Texas, Appellee.

No. 52868.

Court of Criminal Appeals of Texas.

May 11, 1977.

Barry J. Brooks, Dallas, for appellant.

Robert O. Smith, Dist. Atty. and David A. Sheppard, Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for possession of heroin. Punishment was assessed at seven years' confinement.

The sole ground of error contends that the trial court committed reversible error in denying appellant's motion to suppress evidence found at the time of his arrest. The State urges that the evidence is admissible under the "plain view" doctrine.

On January 21, 1975, the appellant was wanted by the San Antonio Police Department for possession and sale of heroin. A San Antonio police officer notified the Austin Police Department that he had a warrant for appellant's arrest and that he had information indicating that appellant was residing at a house located in Austin. The officer from San Antonio, accompanied by Austin policemen, proceeded to this residence.

The house appeared to be unoccupied. A surveillance of the residence was established and shortly thereafter the appellant

opened a rear window, crawled out, and started "trotting" down the street. There is no evidence whatsoever that he had seen the officers before or at the time he left the house, or that he was fleeing. To the contrary, he was apprehended within a block of the house when he halted in response to the officer's order.

According to his testimony at the examining trial, Officer Kenneth Williams of the Austin Police Department returned to the residence in order to secure the window opened by the appellant. The officer noticed a red balloon on the window sill just inside the residence. Williams seized this item and it was later discovered to contain heroin. This evidence was introduced at appellant's trial in order to establish his commission of the offense alleged in the indictment.

■ Initially, we observe that this appeal does not involve evidence seized pursuant to a lawful search incident to an arrest. At the time the balloon was seized, appellant was away from the residence and in the custody of the police. He did not pose a threat to the officers, nor was he capable, at this time, of destroying any evidence located in the house. See, *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685.

■ The "plain view" doctrine permits an officer to seize contraband which he sees in plain sight or open view if he is lawfully where he is. *Jackson v. State,* Tex.Cr.App., 489 S.W.2d 565. The facts of the case at bar, however, do not indicate that the officer saw contraband in plain view. In *Nicholas v. State,* Tex.Cr.App., 502 S.W.2d 169, at 172, we stated:

> "In its discussion of the 'plain view' doctrine in *Coolidge v. New Hampshire,*[1] *supra,* the Supreme Court said it must be 'immediately apparent to the police that they have evidence before them;' . ."

In the case at bar, the testimony taken at the examining trial establishes that the officer was not aware that incriminatory evidence was before him when he seized the balloon. Williams testified that he returned to the open window, saw a red balloon, and seized it.

■ The State urges that it is a well known fact that heroin is kept in balloons. The officer's testimony, however, does not demonstrate that he was cognizant of this "well known" fact or immediately aware that heroin was in the balloon at the time of the seizure. *Coolidge v. New Hampshire, supra; Nicholas v. State, supra.* The seizure must be based on what was known by the officer at the time he acted, yet this record contains not a scintilla of evidence that the officer knew what the State now alleges in its brief on appeal is a "well known" fact. The burden was on the State to show facts authorizing the seizure here challenged. Had the State produced *any* evidence on this issue, there might have been shown a basis for its claim on appeal, but this was not done.

The circumstances of this case fail to establish that what was in "plain view" was evidence of any crime or criminal behavior. A red balloon in "plain view" on the window sill was not "contraband or fruits or instrumentalities" of any offense. *Nicholas v. State, supra.*

■ We also observe that the record does not reveal, nor does the State urge, that admission of the seized evidence was rendered harmless by the admission of other proper evidence of the same facts. Although the examining trial testimony, admitted by stipulation at the bench trial on guilt, does reveal testimony by the arresting officer of statements made by appellant after arrest, those statements do not invoke the rule mentioned (1) because the statements are not sufficiently unambiguous to constitute other evidence of the *same* facts, and (2) because those statements, being fruits of the illegal seizure, are not other *proper* evidence of the same facts. Furthermore, those statements were also objects of the same motion to suppress that was directed to the seized evidence.

1. 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564.

Evidence obtained in violation of state or federal constitutional prohibitions against unreasonable seizures is inadmissible and must be suppressed upon proper motion. *Smith v. State,* Tex.Cr.App., 542 S.W.2d 420.

The judgment is reversed and the cause remanded.

DOUGLAS, Judge, dissenting.

The majority reverses appellant's conviction on the ground that the heroin filled balloon taken from his windowsill was seized during an illegal search and for this reason the admission of the heroin into evidence violated the Texas and United States Constitutions. The "plain view" doctrine applies.

The evidence must be immediately apparent to the police before the "plain view" doctrine obtains. The doctrine "may not be used to extend a general exploratory search from one object to another until something incriminating at last emerges." *Coolidge v. New Hampshire,* 403 U.S. 443, 466, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564, 583 (1971). But this rationale is not applicable to the instant case.

Officer Williams knew that appellant was wanted for possession of heroin. And it is common knowledge that users and sellers of narcotics carry the substance on their persons in rubber balloons, often called fingerstalls. See *Guzman v. Estelle,* 493 F.2d 532 (5th Cir. 1974). See also Bailey & Rothblatt, Handling Narcotic and Drug Cases, Section 298 (1972).

The officer was performing a legitimate function when he returned to appellant's residence to secure the window. Cf. *Robertson v. State,* 541 S.W.2d 608 (Tex.Cr.App.1976), cert. denied —— U.S. ——, 97 S.Ct. 1145, 51 L.Ed.2d 563 (1977). Hence, the "plain view" doctrine is applicable and the heroin was properly admitted into evidence. *Jackson v. State,* 489 S.W.2d 565 (Tex.Cr.App.1973); *United States v. Erwin,* 507 F.2d 937 (5th Cir. 1975).

The majority views the events surrounding the seizure of the balloon in a vacuum.

This case does not involve the observation and seizure of an apparently innocuous item. Instead it concerns the confiscation of a commonly recognized drug container in plain and open view, such container belonging to a man arrested only moments before for possession and sale of heroin. This Court has consistently upheld "plain view" seizures in the past involving similar items. See, e. g., *Simpson v. State,* 486 S.W.2d 807 (Tex.Cr.App.1972) (matchbox); *Cazares v. State,* 488 S.W.2d 455 (Tex.Cr.App.1972) (matchbox).

The judgment should be affirmed.