**STATE of Texas, Appellant**

**v.**

**Bryon Autry PRESTON and Glenda Preston, Appellees.**

**Nos. 11–95–321–CR, 11–95–322–CR.**

Court of Appeals of Texas, Eastland.

June 13, 1996.

---

Gaines of Comanche County was aware of the existence of the Erath County warrant. Further, he had received information that Cogburn was at the Preston residence. Deputy Gaines and Department of Public Safety Trooper Rickye Feist, who knew Cogburn, went to the Preston home. When they arrived, Deputy Gaines approached the front of the house, walked through the porch, and knocked on the door to the living room. The record reveals only that "they" answered the door.

Meanwhile, Trooper Feist was moving towards the back of the house. As he passed a window, the trooper saw a person whom he believed to be Cogburn.

The State argues that the trial court erred in granting the motions to suppress because (1) the Prestons voluntarily answered Deputy Gaines' knock on the front door and (2) Trooper Feist could see Cogburn in "plain view" through an outside window to the Preston home. We will address both arguments together.

Andy McMullen, District Attorney, Hamilton, for appellant.

Ben D. Sudderth, Comanche, for appellees.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

WRIGHT, Justice.

This appeal involves circumstances surrounding the execution of an arrest warrant in a third party's residence. Glenda Preston and her husband, Bryon Autry Preston, were charged with the offense of hindering the apprehension of Shawn Gantry Cogburn. Cogburn was arrested inside the Prestons' home. The Prestons filed motions to suppress "anything that was said, seen, or occurred after any officer entered the private residence." The trial court granted the motions. The State appeals. TEX. CODE CRIM. PRO. ANN. art. 44.01 (Vernon Supp. 1996). We reform the trial court's order; and, as reformed, we affirm.

The record reflects that there was an outstanding Erath County warrant for the arrest of Cogburn. Deputy Sheriff Vernon

■ At a hearing on a motion to suppress, the trial court is the sole and exclusive trier of the facts and is the judge of the credibility of the witnesses and the weight to be given to their testimony. *Banda v. State*, 890 S.W.2d 42, 51 (Tex.Cr.App.1994), *cert. den'd*, —— U.S. ——, 115 S.Ct. 2253, 132 L.Ed.2d 260 (1995); *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Cr.App.1990). If they are supported by the record, the trial court's findings will not be disturbed. *Banda v. State, supra; Romero v. State, supra.* In this case, the trial judge did not specify the theory on which he granted the motions. Absent an abuse of discretion, the trial court's ruling will be upheld if it is correct on any theory of law applicable to the case. *Romero v. State, supra; Flores v. State*, 895 S.W.2d 435 (Tex.App.-San Antonio 1995, no pet'n).

■ There was no search warrant. Searches without warrants are "per se" unreasonable, and objects seized are inadmissible absent certain well-recognized exceptions. *Wilson v. State*, 621 S.W.2d 799 (Tex.Cr.App. 1981). Absent consent or exigent circum-

stances, officers who are seeking to arrest a suspect in the home of third parties must obtain a search warrant. *Steagald v. United States,* 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981); *Hudson v. State,* 662 S.W.2d 957 (Tex.Cr.App.1984). Because there was no search warrant in this case, the State must show the existence of a valid exception to the warrant requirement. *Hudson v. State, supra; Wilson v. State, supra* at 803.

An exception to the search warrant requirement exists in those situations in which the evidence sought to be suppressed is in plain view. *See DeLao v. State,* 550 S.W.2d 289 (Tex.Cr.App.1977). Under the "plain view" doctrine, if the officers are lawfully present at the place from which they observed the evidence which is sought to be suppressed, then there was no search. *Long v. State,* 532 S.W.2d 591, 594 (Tex.Cr.App. 1975). The record shows that Deputy Gaines was lawfully present at the Prestons' door. While law enforcement agents have the same right as any other person to enter onto residential property and walk up to the front door, the State presented no evidence that Deputy Gaines was either invited in or that he saw Cogburn in "plain view" when "they" answered the door. *Cornealius v. State,* 900 S.W.2d 731, 733–734 (Tex.Cr.App.1995); *Bower v. State,* 769 S.W.2d 887, 897 (Tex.Cr. App.), *cert. den'd,* 492 U.S. 927, 109 S.Ct. 3266, 106 L.Ed.2d 611 (1989), *overruled on other grounds, Heitman v. State,* 815 S.W.2d 681 (Tex.Cr.App.1991); *Rodriguez v. State,* 653 S.W.2d 305, 307 (Tex.Cr.App.1983). The record does not reveal that the Prestons consented to a search or that exigent circumstances existed.

The State also argues that the "plain view" exception applies because Trooper Feist observed Cogburn through the open window of the Preston home. That proposition is not before us. The motion sought to suppress "anything that was said, seen, or occurred after any officer entered the private residence." The record before us does not reveal what if anything other than Cogburn was seen or what if anything the officers, Cogburn, the Prestons, or anyone else did or said after any officers entered. The record

reveals only that Cogburn was found inside the Preston home by the sheriff's officers who entered the residence. Nothing more was before the trial court.

We review the order of the trial court by an abuse of discretion standard. If supported by the record, the ruling of the trial court will not be disturbed. *Cantu v. State,* 817 S.W.2d 74, 77 (Tex.Cr.App.1991); *Meek v. State,* 790 S.W.2d 618, 620 (Tex.Cr.App. 1990). The trial court clearly did not abuse its discretion by suppressing evidence which showed that the sheriff's officers who entered the residence found Cogburn inside. However, the trial court's ruling is broader than that: it suppresses matters which were not before the trial court and which are not in the record before us.

Because the orders of the trial court are overly broad, we reform the orders to suppress only the testimony that the sheriff's officers who entered the residence found and arrested Cogburn inside. Tex.R.App.P. 80(b). As reformed, the orders of the trial court are affirmed.