Opinion issued October 20,
2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01071-CR

———————————

Anthony Chris Coleman, Appellant

V.

The State of Texas, Appellee



 



 

On Appeal from the 184th District
Court

Harris County, Texas



Trial Court Case No. 1136428



 

MEMORANDUM OPINION

          Appellant Anthony Chris Coleman plead
guilty to possession of cocaine[1],
and “true” to two prior felony convictions alleged for purposes of
enhancement.  The trial court assessed
punishment at 45 years’ confinement, in accordance with appellant’s agreement
with the State.  Appellant brings this
appeal to challenge the denial of his motion to suppress evidence seized from
his vehicle in a warrantless search that produced evidence partially relied
upon as probable cause for a warrant to search his home.  

          We affirm.

BACKGROUND

          In October 2007, Officer John Huston received information
about possible narcotics activity at appellant’s address in Missouri City.  The informant gave Officer Huston appellant’s
name and his address and told him there might be some narcotics activity that
day.  He told him that appellant was
selling cocaine out of his house.[2]  A computer search on the name and address
revealed that appellant had numerous prior narcotics arrests and that several
of the arrests occurred at this address. 

          Officer Steffenauer assisted Huston in the surveillance of
the address, with Steffenauer going to the given address and Huston
coordinating other officers from nearby. 
Officer Steffenauer saw a man arrive in a black Chevy Trailblazer, go
inside the house for about twenty minutes, come out of the house carrying a
brick-like object, and leave in the same truck. 
This man was later identified as Defer Elomean.  Officers Huston, Steffenauer, and Ong,
another narcotics officer, followed the vehicle, and Huston directed Officer
Hamilton, a uniformed officer, to stop it for an observed traffic
violation.  A narcotics dog was brought
in and when the dog “alerted” on the vehicle, the officers searched it and
found a kilogram of cocaine hidden in the driver’s side door panel.  Officer Steffenauer noted that this package
of cocaine was consistent with the package he had seen Elomean carry from
appellant’s address. 

            During this same
period, Officer Patel, who was conducting surveillance of appellant’s house,
saw appellant leave in the white Tahoe previously parked at the home.  Three officers, including Huston, followed
the white truck and when Huston saw appellant commit at least two traffic
violations, he directed uniformed Officer Adams to make the traffic stop.  Adams turned on his emergency equipment but
appellant continued to drive for nearly a mile, passing multiple locations
where he could have pulled over. 

Officer
Patel, too, had followed appellant from his house and was driving alongside
appellant’s truck when Officer Adams turned on his emergency flashers.  Patel saw appellant making movements as if he
were hiding something in the center console of his vehicle and transmitted this
observation by radio to Officer Huston. 
When appellant did not slow down or pull over immediately, Officer
Huston drove his unmarked car in front of the Tahoe, slowed down, and appellant
then pulled into a parking lot.

As soon as
appellant stopped his vehicle, Officer Adams again noticed appellant reaching
under the seat and towards the center console. 
Adams testified that the appellant “tensed up” as Adams approached to
remove appellant from the car, which, in his experience, was a direct
indication that there was going to be a fight. 
Adams removed appellant from the truck and arrested him for evading
arrest. 

Officer
Adams testified that, based on his training and fourteen years experience
making narcotics arrests, appellant’s furtive gestures while being pulled over
indicated that he might have been hiding a weapon or narcotics. Likewise,
Officer Patel testified that his training and experience as a narcotics officer
led him to believe that appellant’s movements and gestures indicated that he
was hiding narcotics or a weapon.  When
Officer Adams tried to remove appellant from the vehicle, he ordered appellant
to the ground, but appellant did not comply. 
Officer Adams then took him to the ground, handcuffed him, patted him
down for weapons, and placed him in the back of the patrol car.  Adams found no weapons but did find a “large
wad of cash.” 

Officer
Huston arrived as Adams was walking appellant to the patrol car.  He and Officer Steffenauer looked in
appellant’s truck and noted that the center console area was open.  Huston also noticed a Sprite bottle
containing a red liquid in the driver’s side cup holder which, based on his
training and experience as a narcotics officer for ten years, he believed was
codeine.  Officer Steffenauer entered the
car and one of the officers opened the bottle and smelled it.  Huston testified that it smelled like a
liquid that is consistent with codeine. 
Officer Steffenauer then saw and pulled from the open console a clear
plastic bag containing what appeared to be cocaine.  Thereafter, the officers drove appellant’s
vehicle to a park near his Missouri City home. 
On advice from the District Attorney’s office, Huston summoned a drug
dog to the residence and once the dog “alerted” on the residence, Huston
obtained a search warrant for the premises. 
The search warrant for the residence relied upon the drugs discovered in
appellant’s vehicle, as well as the dog’s “alert” on the house. 

Appellant
filed a pretrial motion to suppress the results of the warrantless search of
his vehicle, as well as to suppress the results of the search of his house
based on the evidence derived from the warrantless search of the vehicle.  The trial court denied the motion after
hearing, stating:  

At this time the Motion to
Suppress is denied.  Specifically, I find
that the officers had the right to arrest the defendant for the traffic
violations and for evading arrest in that motor vehicle.  I find that the search of the vehicle was
authorized under the law as an inventory search, since they were responsible
for the security of the vehicle at that time.  
I find that they had the right to inventory the car.  Also, though it’s not specifically part of
the hearing, I make a finding that the search warrant is valid and that
probable cause is stated in the affidavit. 
And that would be of the search warrant for the home, of course. 

 

Appellant appeals from this
denial of the motion to suppress evidence.

STANDARD OF REVIEW

          We review the trial court’s ruling on a motion to suppress
for abuse of discretion.  State v. Dixon, 206 S.W.3d 587, 590
(Tex. Crim. App. 2006).  We will affirm
the ruling, therefore, “if it is reasonably supported by the record and is
correct under any theory of law applicable to the case.”  Ramos
v. State, 245 S.W.3d 410, 418 (Tex. Crim. App. 2008).  We must view the evidence in the light that
most favors the ruling, because the trial court is “uniquely situated” to
observe the demeanor and the appearance of witnesses at the hearing and is “the
sole trier of fact and judge of the credibility of the witnesses and the weight
to be given their testimony.”  Wiede v. State, 214 S.W.3d 17, 24–25
(Tex. Crim. App. 2007) (citing State v.
Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000) (additional citations
omitted)).

          Where, as here, the totality of the circumstances test
applies, we must (1) consider the circumstances without “isolating and then
discounting each fact and circumstance” that may have influenced the trial
court’s ruling, and (2) defer almost totally to factual determinations by the
trial court that are supported by the record. 
See Wiede, 214 S.W.3d at 28.

ANALYSIS

          In two points of error, appellant argues that (1) the trial
court’s finding that the evidence was seized during an inventory search is not
supported by the record and (2) the denial of appellant’s motion to suppress
evidence was error because the search cannot be upheld under any other
exception to the warrant requirement.  In
its reply, the State does not argue that the evidence supports the trial
court’s findings concerning an inventory search, but rather that the search was
permissible pursuant to the automobile exception to the warrant requirement and
that the police were justified in conducting the search incident to appellant’s
arrest for evading by motor vehicle to uncover evidence relevant to the arrest
offense.  We will address appellant’s
second point of error first. 

THE AUTOMOBILE
EXCEPTION TO WARRANTLESS SEARCH

          Evidence seized by police without a warrant may be
admissible only if an exception to the Fourth Amendment’s warrant requirement
applies.  Neal v. State, 256 S.W.3d 264, 282 (Tex. Crim. App. 2008).  It is undisputed that the search of appellant’s
vehicle was warrantless.  Thus the search
was unreasonable per se.  See Wiede, 214 S.W.3d at 24.  Accordingly, the State must establish an
exception to the warrant requirement.  Neal, 256 S.W.3d at 282 (citing Torres v. State, 182 S.W.3d 899, 902
(Tex. Crim. App. 2005)).

          The Supreme Court has recently re-iterated that if there is
“probable cause to believe a vehicle contains evidence of criminal activity,”
police officers are justified in searching “any area of the vehicle in which
the evidence may be found.”  Arizona v. Gant, 556 U.S. 332, 129 S. Ct.
1710, 1721 (2009).  A totality of the
circumstances analysis controls whether probable cause to search without a
warrant exists.  See Neal, 256 S.W.3d at 282−83; Whaley v. State, 686 S.W.2d
950, 951 (Tex. Crim. App. 1985).  In
reviewing whether Officers Huston and Steffenauer had probable cause, we defer
almost totally to the trial court’s express or implied determination of
historical facts, and review the court’s application of the law of search and
seizure to the facts found de novo.  See
Wiede, 214 S.W.3d at 25; Carmouche v.
State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  

          Probable cause to search exists when the totality of facts
and circumstances known to the officer is sufficient to warrant a belief by a
person of reasonable prudence that contraband or evidence of a crime will be
found in the place to be searched.  See Wiede, 214 S.W.3d at 24; cf., Neal,
256 S.W.3d at 282 (stating that probable cause to search exists when there is a
“fair probability” of finding inculpatory evidence at the location being
searched) (citing Wiede, 214 S.W.3d
at 24 n.29 (citing Illinois v. Gates,
462 U.S. 213, 238, 103 S. Ct. 2317, 2332 (1983)).[3]  Facts and circumstances personally known to an
officer encompass the officer’s “training, knowledge, and experience,” but the
officer’s subjective intent, motivation, or “hunch” are not.  See id.
at 25 (citing United States v. Arvizu,
534 U.S. 266, 274, 122 S. Ct. 744, 751 (2002); Texas v. Brown, 460 U.S. 730, 742, 103 S. Ct. 1535, 1543 (1983)
(additional citations omitted)). 
Probable cause may be based on an officer’s training and investigative
experience.  See Keehn v. State, 279 S.W.3d 330, 336 (Tex. Crim. App. 2009)
(“And based on his training and investigative experience concerning the
production of methamphetamine, [the officer] had probable cause to believe that
the tank contained anhydrous ammonia.”). 
A finding of probable cause alone is sufficient to satisfy the
automobile exception to the Fourth Amendment warrant requirement.  See
Dixon v. State, 206 S.W.3d 613, 619 n.25 (Tex. Crim. App. 2006).

           “Furtive gestures”
alone, however, are not sufficient for probable cause to conduct a warrantless
search.  See Wiede, 214 S.W.3d at 25; Canales
v. State, 221 S.W.3d 194, 200 (Tex. App.—Houston [1st Dist.] 2006, no
pet.).  And while probable cause may
arise from information supplied by a confidential informant, corroboration is
required.  See Eisenhauer v. State, 678 S.W.2d 947, 955 (Tex. Crim. App. 1988).  Tips and information with no indicia of
reliability require something more, such as observed activity, to elevate the
level of suspicion.  Parish v. State, 939 S.W.2d 201, 204 (Tex. App.—Austin 1997, no
pet.). 

EVIDENCE OF PROBABLE
CAUSE

          Appellant claims that “apart from Officer Huston’s claim
that he could recognize liquid Codeine from its appearance alone” the State
offered no evidence to show that the police had probable cause to believe
appellant’s vehicle contained contraband at the time of the warrantless
search.  The record, however, reveals
sufficient evidence of probable cause to justify the warrantless search.

          Initially, Officer Huston had information from an informant
that appellant, a person who had been arrested for narcotics offenses numerous
times, was selling drugs from his home, where some of his prior arrests had
occurred, and that there would be narcotics activity that day.  Although such a “tip” alone does not provide
probable cause, the tip “combined with independent police investigation may
provide a substantial basis for the probable-cause finding.”  Lowery
v. State, 843 S.W.2d 136, 141 (Tex. App.—Dallas 1992, pet. ref’d) (citing Janecka v. State, 739 S.W.2d 813, 825
(Tex. Crim. App. 1987)).  The police
investigation in this case resulted in confirmation that appellant had a
history of arrests for narcotics offenses at the very residence in question and
the subsequent drug arrest of a man who, evidence suggests, obtained the drugs
from appellant.  

Further,
when the marked patrol car turned on his emergency lights, appellant drove for
almost a mile thereafter, all the while being observed by an officer making
furtive gestures towards his center console while driving and immediately after
he stopped.  Two officers testified that
they witnessed these movements and their extensive experience led them to
believe appellant was hiding a weapon or narcotics at the time.  “Furtive movements are valid indicia of mens rea and, when coupled with reliable
information or other suspicious circumstances relating the suspect to the
evidence of crime, may constitute probable cause.”  Smith
v. State, 542 S.W.2d 420, 421 (Tex. Crim. App. 1976) (citing Sibron v. New York, 392 U.S. 40, 88 S.
Ct. 1889 (1968)).   

Finally,
Officer Huston recognized the red liquid on the dash as probably being
codeine.  Although appellant dismisses
this fact as of no importance, Huston’s observations were based on his
experience and training in narcotics and as such relevant to a finding of
probable cause.  See  Keehn, 279 S.W.3d at 336;
Hayward v. State, No. 01-08-00949-CR,
2009 WL 1813185, at *4 (Tex. App.—Houston [1st Dist.] June 25, 2009, pet.
dism’d) (mem. op., not designated for publication) (officers’ testimony that
they recognized clear liquid in brown bottle as “very likely” PCP because it is
typically transported in such bottles held not to be “hunch, surmise, or
suspicion,” but based on “their training and experience, which the trial court
expressly and properly considered as part of the totality of circumstances”).

We hold,
therefore, that the totality of circumstances known to the officers and
presented to the trial court warranted a belief by a person of reasonable
prudence that contraband would be found inside the vehicle and around the area
of the center console.  Accordingly, the
court did not err by denying appellant’s motion to suppress.[4]

We overrule
appellant’s second issue.  

CONCLUSION

We affirm
the judgment of the trial court.

 

 

                                                          Jim
Sharp

                                                          Justice


 

Panel
consists of Chief Justice Radack and Justices Sharp and Brown.

Do not
publish.  Tex. R. App. P. 47.2(b).

 

 

 











[1]           Specifically,
appellant plead guilty to possession with intent to deliver at least
400 grams of cocaine, a first-degree felony. 





[2]           Three
weeks before the date of arrest, the same source had provided appellant’s name
and address and said appellant was selling cocaine from his home.  This informant called again on the day of the
arrest in this case.   





[3]           The Court of Criminal Appeals has described probable cause
as “the sum total of layers of information, and not merely individual layers
and considerations” upon which a reasonable and prudent person acts.  Estrada
v. State, 154 S.W.3d 604, 609 (Tex. Crim. App. 2005).





[4]
          Having determined that the
warrantless search was justified by the automobile exception, we need not
address appellant’s first point of error which has been rendered moot.