**Affirmed and Memorandum Opinion filed July 17, 2014.**



**In The**

# Fourteenth Court of Appeals

_____

## NO. 14-13-00378-CR

_____

### REGINALD DALE WILSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 1335552**

## MEMORANDUM OPINION

Appellant was convicted of possessing cocaine with intent to deliver. Punishment was assessed at twenty-seven years' imprisonment. On appeal, the question is whether the trial court reversibly erred by failing to suppress evidence that was seized without a warrant during a pretextual traffic stop. We conclude that appellant failed to preserve error on his only issue presented. Therefore, we affirm the trial court's judgment.

# BACKGROUND

Appellant was pulled over for failing to use his turn signals. During the stop, a uniformed police officer observed, in plain view, a plastic baggie protruding from an armrest compartment in appellant's driver's side door. The officer seized the baggie, which appeared to contain a white substance, and tested its contents in the field. The field test positively identified the presence of cocaine. Appellant was then charged by indictment with possession with the intent to deliver. The charge was enhanced by two previous felony convictions.

Appellant filed a motion to suppress, asserting that the State lacked probable cause to stop and search his vehicle. During the suppression hearing, the State produced two witnesses who testified that appellant was stopped because of a traffic violation. The first witness, an undercover police officer, also claimed that appellant was pursued because of his suspected involvement in illegal drugs.

The undercover officer testified that he was a member of a tactical division that had been investigating a home with recent reports of narcotics activity. The undercover officer claimed that, during his surveillance, he witnessed appellant drive up to the home and conduct a brief "hand-to-hand transaction" with another man. The exchange lasted less than a minute, and the undercover officer felt that it was consistent with a drug transaction.

The undercover officer followed appellant through the neighborhood and watched as he made one left turn, followed shortly thereafter by a right turn. Appellant did not use his turn signals on either occasion. The undercover officer reported the violations to a uniformed officer, who was waiting nearby to assist in the investigation.

The uniformed officer approached appellant in a marked patrol car with lights and siren engaged. Appellant did not stop immediately, even though there were no obstructions on the side of the road that prevented him from stopping. Appellant took a "circuitous route" down several streets before finally parking his vehicle. The uniformed officer testified that appellant's delayed stop suggested that he was either contemplating a run or hiding contraband. The uniformed officer did not specifically witness a signaling violation.

Appellant argued during the hearing that he had not participated in a drug transaction. He asserted that he drove to the house to receive a handicap parking sticker, not cocaine.

Appellant also disputed other aspects of the undercover officer's testimony. Appellant asserted that the undercover officer could not have witnessed a hand-to-hand transaction because trees and other landscaping blocked the officer's view. Appellant further claimed that he never made an illegal turn. Focusing on the first left turn, appellant argued that a signal was not required because the street itself was curved and did not intersect with another road. The State agreed, conceding there was no traffic violation. As for the second right turn, a signal was required, but appellant argued there was no violation because the undercover officer never reported a violation in his official police report. Appellant accordingly asserted that his stop was unjustified.

The undercover officer explained that he had omitted the right turn violation by mistake, believing that the perceived left turn violation was sufficient by itself for purposes of his report. The trial court found the officer to be credible and concluded that there was probable cause for the stop and arrest. When the court denied the motion to suppress, appellant reached a deal with the State and pleaded guilty to the charged offense.

## ISSUE PRESENTED

In a single issue, appellant argues that the trial court should have suppressed the evidence of cocaine because, despite being in plain view, its discovery was not inadvertent. Appellant asserts that a warrantless seizure during an advertent, pretextual stop is unreasonable, in violation of the Texas Constitution. *See* Tex. Const. art. I, § 9 ("The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches . . . .").

## STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress using a bifurcated standard of review. *See Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). We give almost total deference to a trial court's determination of the historical facts that the record supports, especially when the trial court's findings are based on an evaluation of credibility and demeanor. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We afford the same level of deference to a trial court's ruling on "application of law to fact questions" or "mixed questions of law and fact" if resolution of those questions also turns on an evaluation of credibility and demeanor. *Id*. For pure questions of law, our review is de novo. *See Amador*, 221 S.W.3d at 673.

## ANALYSIS

Plain view seizures are warrantless seizures of personal property. *See State v. Betts*, 397 S.W.3d 198, 206 (Tex. Crim. App. 2013). "The 'plain view' doctrine permits an officer to seize contraband which he sees in plain sight or open view if he is lawfully where he is." *DeLao v. State*, 550 S.W.2d 289, 291 (Tex. Crim. App. 1977). At least three requirements must be satisfied to justify the seizure of an object in plain view:

First, law enforcement officials must lawfully be where the object can be "plainly viewed." Second, the "incriminating character" of the object in plain view must be "immediately apparent" to the officials. And third, the officials must have the right to access the object.

*Keehn v. State*, 279 S.W.3d 330, 334 (Tex. Crim. App. 2009) (citing *Horton v. California*, 496 U.S. 128, 136 (1990)).

In *Coolidge v. New Hampshire*, a plurality of the United States Supreme Court held that the Fourth Amendment imposed another limitation on plain view seizures: the officer's discovery of the object must also be inadvertent. *See* 403 U.S. 443, 469 (1971) (plurality opinion). Several years after *Coolidge*, a full majority of the Supreme Court determined in *Horton v. California* that the Fourth Amendment does not impose an inadvertence requirement on plain view seizures. *See* 496 U.S. at 141. The *Horton* Court reasoned that an inadvertence requirement was unnecessary because Fourth Amendment interests are adequately protected through limitations on the area and duration of otherwise valid searches. *Id.* at 139–40.

Before *Horton*, the Texas Court of Criminal Appeals faithfully applied the inadvertence requirement to a plain view seizure challenge under the Fourth Amendment. *See Hudson v. State*, 588 S.W.2d 348, 353 (Tex. Crim. App. [Panel Op.] 1979) (citing *Coolidge*). Since *Horton*, the court has held, in multiple cases, that discovery of an item seized in plain view need not be inadvertent. *See Ramos v. State*, 934 S.W.2d 358, 365 (Tex. Crim. App. 1996); *State v. Haley*, 811 S.W.2d 597, 599 (Tex. Crim. App. 1991); *Joseph v. State*, 807 S.W.2d 303, 307 n.3 (Tex. Crim. App. 1991). The *Haley* and *Joseph* decisions cited federal constitutional law in their analyses. The *Ramos* decision cited to the Texas Constitution, but the court there did not make any separate analysis as to its requirements. *See Ramos*, 934 S.W.2d at 362 n.5.

Appellant brings this appeal on state grounds only, claiming that the Texas Constitution embodies the inadvertence requirement in its guarantee against "unreasonable seizures or searches." *See* Tex. Const. art. I, § 9. Appellant acknowledges that the *Ramos* decision may foreclose his argument, but citing Professors Dix and Schmolesky, appellant argues in good faith that inadvertence may still be a possible limitation under state law. *See* George E. Dix & John M. Schmolesky, Texas Practice Series: Criminal Practice and Procedure § 8:42 (3d ed. 2011) (noting that an inadvertence requirement, though possible, is unlikely given other developments in state jurisprudence). On this particular claim, however, appellant has not preserved his argument for appellate review. Appellant did not move the trial court to suppress the evidence seized in this case on the basis of inadvertence. His theory at the suppression hearing was that the evidence should be suppressed because the State lacked probable cause for stopping his vehicle. Because appellant's trial argument fails to comport with his argument on appeal, we conclude that error, if any, has not been preserved. *See* Tex. R. App. P. 33.1; *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).

## CONCLUSION

We overrule appellant's sole issue and affirm the judgment of the trial court.


/s/    Tracy Christopher
Justice


Panel consists of Justices Christopher, Jamison, and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).