**Affirmed and Opinion Filed April 20, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-15-00446-CR**

**No. 05-15-00447-CR**

**No. 05-15-00448-CR**

**No. 05-15-00449-CR**

**No. 05-15-00450-CR**

**No. 05-15-00451-CR**

**ROGER LADALE FORD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1455016-U; F-1455017-U; F-1455018-U; F-1455019-U; F-1455020-U; F-1455021-U**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Schenck
Opinion by Justice Bridges

Roger Ladale Ford appeals his convictions for possession of marijuana in an amount greater than 4 ounces but less than or equal to five pounds in cause number 05-15-00446-CR, possession with intent to deliver tetrahydrocannabinol (THC) in an amount of 4 grams or more but less than 400 grams in cause number 05-15-00447-CR, possession with intent to deliver alprazolam (Xanax) in an amount greater than or equal to 200 grams but less than 400 grams in cause number 05-15-00448-CR, possession with intent to deliver dihydrocodeinone

(hydrocodone) in an amount of 400 grams or more in cause number 05-15-00449-CR, possession with intent to deliver cocaine in an amount greater than or equal to 4 grams but less than 200 grams in cause number 05-15-00450-CR, and possession with intent to deliver methamphetamine in an amount greater than or equal to 1 gram but less than 4 grams in cause number 05-15-00451-CR. A jury convicted appellant of each offense,[1] and the trial court sentenced him to four years' confinement in cause number 05-15-00446-CR, twenty-five years' confinement in cause numbers 05-15-00447-CR and 05-15-00448-CR, thirty-five years' confinement in cause number 05-15-00449-CR, thirty years' confinement in cause number 05-15-00450-CR, and ten years' confinement in cause number 05-15-00451-CR. In two points of error, appellant argues the trial court erred in overruling his objection to the admission of drug evidence because the evidence was obtained in an illegal search of his vehicle, and the evidence was legally insufficient to prove appellant knowingly possessed marijuana and that appellant knowingly possessed any controlled substance. We affirm the trial court's judgments.

In May 2014, Dallas police officer Barrett Nelson was working with a U.S. Marshal task force executing high-risk felony arrest warrants. Nelson received four arrest warrants for appellant, and the warrants listed an address in Mesquite. Nelson went to the address and conducted surveillance on appellant to determine his pattern and the best time to arrest him. The next day, Nelson returned to appellant's residence with a team of law enforcement officers to execute the warrants against appellant. Two Cadillacs, one green and one white, were parked in front of appellant's residence. As the team was getting ready, Nelson saw appellant and appellant's brother, Fabian, walk out of appellant's residence. Appellant was carrying a "half-filled trash bag" that was "heavy on the bottom" and "twisted several times around the top," and

---

[1] Also prior to trial, the State filed a notice that evidence of prior extraneous offenses might be introduced at trial, including fifteen charges of possession or delivery of a controlled substance, a taking a weapon from a police officer conviction, two assault on a public servant convictions, a robbery conviction, four failure to identify fugitive convictions, two driving while license invalid convictions, a tampering with a government record conviction, a criminal trespass conviction, and a theft of property valued at more than $50 but less than $500 conviction.

he was "looking around." When appellant got between the two Cadillacs, the team of officers moved in and started yelling, "Get on the ground." Appellant "dropped the bag right beside him," and officers handcuffed appellant and his brother. Nelson searched appellant and found a car key fob in appellant's pocket. Appellant also had $1455 on his person. Nelson pushed a button on the key fob, and the green Cadillac's trunk popped open. Appellant said the green Cadillac was his car. After verifying Fabian's identity, police released him. Fabian picked up the bag appellant had been carrying and went to put the bag in the open trunk of the green Cadillac. Nelson thought this behavior was "kind of peculiar" because there was a dumpster nearby, and if the bag had been trash Fabian would have taken it "to the trash can." As a result, Nelson detained Fabian and looked at the bag Fabian had placed in the trunk. There were other bags full of clothing in the trunk, but Nelson identified the bag appellant had been carrying by its "twisted-top nature" and its smaller size compared to the other bags.

Detective Jonathan Sharkey of the Dallas police narcotics bureau was part of the team securing the scene of appellant's arrest. Sharkey was about to close the trunk of appellant's car when he looked at the bag in the trunk and "saw an impression of a pistol." When the detectives opened the bag, they found scales and "a slew of narcotics and three pistols."[2] The contents of the bag were inventoried and sent to the Southwestern Institute of Forensic Sciences (SWIFS) for testing. Testing showed the contents included 276.3957 grams of Xanax, 410.73 grams of hydrocodone, 15.9610 ounces of marijuana, 1.0530 grams of methamphetamine, 16.6258 grams of cocaine, and 23.0370 grams of THC. Appellant was subsequently charged by indictment with possession of and/or possession with intent to deliver each controlled substance.

At a pretrial hearing on the day of trial, defense counsel made the following statement:

---

[2] The bag contained a .40-caliber Smith & Wesson semiautomatic pistol, a 9-millimeter Glock pistol, and a .45-caliber pistol.

Last thing, Your Honor, I have a blanket motion to suppress evidence. Simply complains about everything that might be, basically, entered as evidence by the State and complains that it's inadmissible because it was gathered in violation of the defendant's rights. So prior to getting into the actual drugs being found, then I'll probably ask for a break at that point so we can have a brief ruling by the court on this motion to suppress.

The trial judge replied, "All right. Denied. Untimely filed." The State called Nelson as its first witness. Nelson testified concerning his duties executing warrants and the circumstances surrounding appellant's arrest, including appellant's carrying a black trash bag, Nelson's opening the trunk of the Cadillac, and Fabian's taking the trash bag and placing it in the open trunk. At the point in the questioning where the prosecutor asked what Nelson saw when the bag in appellant's trunk was opened, defense counsel requested a hearing outside the presence of the jury. After the jury was removed from the court room, defense counsel questioned Nelson about the sequence of events surrounding the opening of appellant's trunk and the search of the bag in appellant's trunk. Counsel re-urged his "motion on the record," arguing that, because officers had only an arrest warrant, they no longer had any right to search the bag after Fabian took possession of the bag and put it in the trunk. On this basis, counsel objected to the admission of any evidence about the contents of the bag under sections 38.22 and 38.23 of the code of criminal procedure. In response, the State argued both appellant and Fabian "exercised care, management, custody, [and] control over the bag in the presence of the officers." The trial judge ruled, "Motion is denied." However, the trial judge granted counsel's request to have a running objection to "any testimony related to the contents of this garbage bag."

At trial, both Nelson and Sharkey testified concerning the events surrounding appellant's arrest and the discovery of the bag containing the drugs and pistols. In addition, Dallas police narcotics detective Todd Conway testified he reviewed recorded telephone calls appellant made from jail. A recording of the calls was played for the jury during Conway's testimony. At the beginning of each call, a prerecorded message stated the call was coming from Lew Sterrett and

–4–

was being recorded. In a call to his brother, appellant said "someone bought ice from him." Conway explained that "ice" is crystal methamphetamine. Conway also testified appellant "said he got everything he had out of the house" and was "trying to make it look like the officers performed [an] illegal search of the vehicle." The prosecutor asked Conway if appellant, in a subsequent call to the mother of his children, said "he put the dope in the car." Conway testified appellant "said he put it in the trunk." When asked what he had, appellant said he "had a lot of re-up." Conway testified "re-up" is a commonly used narcotics sales term meaning appellant had purchased more narcotics. The jury subsequently convicted appellant of each of the charged offenses. These appeals followed.

In his first issue, appellant argues the trial court erred in overruling his objection to the admission of evidence seized as a result of an illegal search of his vehicle. Specifically, appellant argues the automobile exception to the warrant requirement, requiring that the vehicle be readily mobile and that probable cause exists to believe the vehicle contains contraband, did not authorize the search in this case. Appellant argues his vehicle was not mobile because police seized his car keys, and there was no evidence the car contained contraband. Appellant concedes that police had ample authority opportunity and legal authority to search the bag appellant was carrying at the time of his arrest. However, appellant argues, police showed no interest in the bag's contents until Fabian placed the bag in the trunk of a vehicle.

While searches conducted without a warrant are per se unreasonable, seizing contraband in plain view does not run afoul of the Fourth Amendment. *State v. Betts*, 397 S.W.3d 198, 206 (Tex. Crim. App. 2013). "The 'plain view' doctrine permits an officer to seize contraband which he sees in plain sight or open view if he is lawfully where he is." *Id.* (quoting *DeLao v. State*, 550 S.W.2d 289, 291 (Tex. Crim. App. 1977)). Thus, three requirements must be met to justify the seizure of an object in plain view: first, law enforcement officials must lawfully be where the

object can be "plainly viewed;" second, the "incriminating character" of the object in plain view must be "immediately apparent" to the officials; and third, the officials must have the right to access the object. *Id.* (citing *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009)).

Here, police came to appellant's residence with warrants for his arrest. Appellant walked outside carrying a trash bag, which he dropped when police moved in to arrest him. Nelson searched appellant and found a car key fob which opened the trunk of the green Cadillac. When Fabian was released, he picked up the trash bag appellant had been carrying and, instead of throwing it away or treating it like trash, he placed it in the open trunk of appellant's car. As part of securing the scene, Sharkey was about to close the trunk of appellant's car when he looked at the bag in the trunk and "saw an impression of a pistol." Sharkey informed another detective, who "felt around the object and felt it was a firearm." When the detectives opened the bag, they found "a slew of narcotics and three pistols."

Thus, police were lawfully where they could look at the bag in the open trunk of appellant's car. The outline of a pistol inside the bag was immediately apparent. The officers therefore had a right to open the bag and seize the gun for officer safety purposes. *Id.*; *see Terry v. Ohio*, 392 U.S. 1, 27 (1968). The record shows Nelson did not open the trunk of appellant's car to perform a search but instead to identify it as belonging to appellant. Appellant's brother placed the bag in the trunk of appellant's car, and police merely observed what was in plain view: the outline of a pistol inside the bag.

Appellant characterizes this as a case in which the State was required to establish the applicability of the automobile exception to the warrant requirement. Appellant argues the automobile exception did not apply because appellant's car was not mobile and there was no evidence the car contained contraband. However, the mere fact that Fabian placed the bag in the open trunk of a car does not require a showing that the automobile exception applied. Police

could see the outline of a gun in plain view on the bag Fabian had just picked up off the ground and placed in the open trunk of appellant's car. Under these circumstances, we conclude the trial court did not err in overruling his objection to the admission of evidence seized as a result of the search of the bag in the trunk of his car. We overrule appellant's first point of error.

In his second point of error, appellant argues the evidence is legally insufficient to prove beyond a reasonable doubt that he knowingly possessed marijuana or any other controlled substance. Specifically, appellant argues there is no proof that the bag appellant carried from his residence was the same bag containing weapons and drugs. Appellant also asserts generally that the evidence is insufficient to support his conviction for possession of marijuana and convictions for possession of a controlled substance with intent to deliver.

We review the sufficiency of the evidence under the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979); *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013). We examine all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Matlock*, 392 S.W.3d at 667. We defer to the jury's determinations of credibility and may not substitute our own judgment for that of the jury. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.); *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).

To prove unlawful possession of a controlled substance, the State must prove beyond a reasonable doubt that the defendant exercised dominion over the substance and that he knew it to be contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Regardless of whether this evidence is direct or circumstantial, it must establish that a defendant's connection to the contraband was more than fortuitous. *Blackman v. State*, 350 S.W.3d 588, 594–95 (Tex. Crim. App. 2011). Thus, mere presence at the location where drugs are found is insufficient, by

–7–

itself, to establish the requisite degree of control to support a conviction. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). That said, possession need not be exclusive. *Henry v. State*, 409 S.W.3d 37, 42 (Tex. App.—Houston [1st Dist.] 2013, no pet.). When the defendant is not in exclusive possession of the place where the substance is found, there must be additional independent facts and circumstances that link him to the contraband. *Poindexter*, 153 S.W.3d at 406.

Intent to deliver may be proved by circumstantial evidence, such as the quantity of drugs possessed, the manner of packaging, whether the defendant possessed a large amount of cash, evidence of drug transactions, and the nature of the location where the defendant was arrested. *Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.). Intent to deliver is a question of fact for the jury to resolve, and it may be inferred from the acts, words, or conduct of the defendant. *Id.*

Here, appellant came out of his residence carrying a trash bag that was later determined to contain scales and marijuana, THC, Xanax, hydrocodone, cocaine, methamphetamine, and three guns. Appellant also was carrying $1455 in cash. As officers moved in to arrest him, appellant dropped the bag next to him. After Fabian was released, he picked up the bag and placed it in the open trunk of appellant's car. Sharkey saw the impression of a pistol in the bag, which led to the discovery of the narcotics. Nelson testified the bag containing the drugs was the same bag appellant had been carrying. Thus, appellant was carrying the bag when he left his residence, it contained a large quantity of drugs and scales, and appellant also had a large amount of cash on his person. Under these circumstances, we conclude the evidence was legally sufficient to show the bag appellant carried out of his residence and the bag containing drugs were the same bag and appellant knowingly possessed marijuana and knowingly possessed the

other drugs with intent to deliver.  *Matlock*, 392 S.W.3d at 667; *Poindexter*, 153 S.W.3d at 405;

*Taylor*, 106 S.W.3d at 831.  We overrule appellant's second point of error.

We affirm the trial court's judgments.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

150446F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROGER LADALE FORD, Appellant

No. 05-15-00446-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1455016-U.
Opinion delivered by Justice Bridges.
Justices Lang-Miers and Schenck
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered April 20, 2016.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROGER LADALE FORD, Appellant

No. 05-15-00447-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1455017-U.
Opinion delivered by Justice Bridges.
Justices Lang-Miers and Schenck
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered April 20, 2016.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROGER LADALE FORD, Appellant

No. 05-15-00448-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1455018-U.
Opinion delivered by Justice Bridges.
Justices Lang-Miers and Schenck
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered April 20, 2016.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROGER LADALE FORD, Appellant

No. 05-15-00449-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1455019-U.
Opinion delivered by Justice Bridges.
Justices Lang-Miers and Schenck
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this April 20, 2016.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROGER LADALE FORD, Appellant

No. 05-15-00450-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1455020-U.
Opinion delivered by Justice Bridges.
Justices Lang-Miers and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered April 20, 2016.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROGER LADALE FORD, Appellant

No. 05-15-00451-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1455021-U.
Opinion delivered by Justice Bridges.
Justices Lang-Miers and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered April 20, 2016.